### GRAMMER et al. v. STATE.

No. 14909—Opinion Filed Dec. 9, 1924.

**1. Bail—Forfeiture of Bond—Time for Setting Aside.**

The provision in section 2927, Comp. Stat. 1921, for discharging a forfeiture taken on a bail bond is applicable only when the application for setting the order of forfeiture aside is made at the same term of court where the forfeiture is taken.

**2. Same—Application After Term—"Unavoidable Casualty or Misfortune."**

The 7th paragraph of section 810, Comp. Stat. 1921, providing unavoidable casualty or misfortune as a ground for vacating or modifying a final order or judgment, may be invoked to set aside an order forfeiting a bail bond after the term is closed within the limitations provided in section 817, Comp. Stat. 1921.

**3. Judgment—Vacation After Term for "Unavoidable Casualty or Misfortune."**

In a proceeding to vacate or modify a final order or judgment under paragraph 7 of section 810, Comp. Stat. 1921, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party was

not guilty of neglect in allowing the order or judgment to be taken.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Kay County; J. L. Roberson, Judge.

Maggie Grammer et al. made application to the county court at the October term, 1923, to set aside an order forfeiting a bail bond at the July term, 1923, on the ground of unavoidable casualty or misfortune. The application was denied, and the parties making the application appealed. Affirmed.

David L. Carter, for plaintiffs in error.

Howard Wilson and C. L. Armstrong, for defendant in error.

Opinion by THREADGILL, C. The appeal is from an order of the county court overruling motions of plaintiffs in error to set aside an order forfeiting a bail bond. The forfeiture was taken July 24, 1923, at the July term of court, and the applications to set aside the order of forfeiture were made October 18, 1923, at the October term of court. On October 19, 1923, the court heard the motions and overruled them on the theory that the excuses offered in the motions, one being filed by the principal and the other by the sureties, might have been satisfactory at the July term, but not sufficient at the October term of court.

Section 2927, Comp. Stat. 1921, provides a method for taking a forfeiture on a bail bond, and further provides the time when and the grounds for setting the order of forfeiture aside. The latter provision is as follows:

"But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just."

From the language of this section it is plain that where it is sought to have the court set aside the order of forfeiture, by giving the court satisfactory excuse for the neglect of appearance, the application must be made at the term of forfeiture. The court can then fix just terms for vacating the order. The county attorney, whose duty it is to take action immediately to enforce the forfeiture, can be saved the trouble and the county the expense of any action against the sureties; and complications can be avoided where money is deposited in lieu of bond which must be turned in to the county treasurer immediately

after the final adjournment of the court,—all of which, it is reasonable to presume, were in the mind of the Legislature when the provisions of the section were enacted. No definite excuse is named as a satisfactory excuse for the court to act on, but the matter of being satisfied and thereupon vacating the order was left to the judicial discretion of the court, which is not subject to reversal on appeal without an abuse of the same. However, plaintiffs in error do not claim the right to have the forfeiture set aside under this section of the statute, but under the 7th paragraph of section 810, which provides unavoidable casualty or misfortune preventing the party from prosecuting or defending, as grounds for vacating the judgment or final order, and which may be interposed at the term or after the term when rendered. If after the term, within certain limitations as to time provided in section 817. The application must be made by verified petition stating the facts of the unavoidable casualty or misfortune; setting forth the judgment or order and defense to the action, and have a summons issued and served as in commencement of an action. Section 812. Of course this last requirement is waived where there is personal appearance of opposing party.

Defendant in error contends that this statute has no application to a bail bond forfeiture case, that only section 2927 governs such case. We cannot see any good reason for not applying both provisions to such a case where the facts and circumstances warrant it. The provision under section 810 is very definite and certain as to the ground, being unavoidable casualty or misfortune. In the case of plaintiffs in error it would be some fact or circumstance that they could not with reasonable precaution or diligence have avoided. What do the plaintiffs in error state in their motions, which we will now consider as petitions? They admit that the bond was in proper form, executed May 10, 1923, and provided for the appearance of the defendant in the county court on July 2, 1923, at 9 o'clock a. m. of said day, etc.; that the cause was set for trial July 24, 1923, that he did not appear for trial because he did not get any notice of time to appear; that he depended on the promise of Henry Grammer, one of the sureties, to notify him of such time; that Henry Grammer died about June 14, 1923, and defendant was not notified of the time. They did not offer any excuse for the failure of the defendant to appear on the day set for his appearance in the bond. They state that Maggie Gram-

mer, for herself and administratrix of the estate of Henry Grammer, deceased, secured the presence of the defendant in the county court after the forfeiture was taken, and the defendant stated that as soon as he heard of the forfeiture he voluntarily made his appearance; that he had no attorney to represent him; that he had no intention o* abs*'nding from the jurisdiction of the court; that he was working at his trade as a welder in Oklahoma City after the bond was given and at the time the .cause was set for trial in July; that the sureties had no notice of the time set for trial nor of the f*rfeiture until after the time had passed; that defendant has a good defense to the charge against him: that they are willing to pay all costs and make a new' bond for the appearance of the defendant.

Now admitting that all the facts alleged by both applications to be true, are they sufficient to make out a case of unavoidable casualty or misfortune under the statute? We think not. The bond was dated May 10, 1923, and conditional upon the personal appearance of the defendant on July 2, 1923, at the hour of 9 o'clock a. m. of said day, and term to term and from day to day of each term to answer to the charge preferred against the defendant for the offense of possession of liquor. The language used is plain, and there could be no misunderstanding as to the time when the defendant should appear in court to answer to the charge, and there is no excuse offered in the application of the plaintiff in error to set the forfeiture aside for failure of the defendant to appear on July 2, 1923, at 9 o'clock a. m. of that day. If he had appeared on that day there would not have been any misunderstanding as to the time of trial, and his failure to appear on that day and look after his case cannot be excused by the facts and circumstances urged by the plaintiffs in error as unavoidable casualty. The defendant's neglect to appear and the sureties' failure to have the defendant present on the day set in the bond for his appearance, or an agreement with the county attorney, approved by the county judge, waiving the time set in the bond, were the causes of all the troubles that followed. See Wagoner et al. v. Lucas et al., 79 Okla. 231, 193 Pac. 421, and Forest v. Appelget et al., 55 Okla. 515, 154 Pac. 1129.

Plaintiffs in error further contend that since the sureties consulted the county judge as to what they should do in order that they might be released from the forfeiture, and he advised that the defendant should be surrendered into the custody of the court,

and he would see what could be done, and his instructions were carried out and the defendant was delivered up to the sheriff of the county, therefore, the forfeiture should be set aside. Citing the case of Reed et al. v. State, 76 Okla. 298, 185 Pac. 326. The facts in the two cases are similar, except as to the time when the sureties acted in applying for relief. In the case cited. they acted during the term when the forfeiture was taken and in the instant case after the term had expired and another term commenced, and this makes a great difference. During the term in which the order is made or judgment rendered the court has a wide margin of discretion, in considering satisfactory excuses, for vacating the order or judgment, but after the term closes all final orders or judgments of the court pass beyond its control unless steps be taken within the term, or otherwise for causes provided by statute to set aside, modify, or correct them. Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; McNac v. Chapman, 101 Okla. 121, 223 Pac. 350. It thus appears that the case cited by the plaintiffs in error is not ' applicable to sustain their contention.

We do not think the plaintiffs in error have shown any good or sufficient reason for reversing the judgment of the trial court, and we. therefore, recommend that the same be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. § 327; (2) 6 C. J. § 333 (1926 Anno.); (3) 34 C. J. § 534.