### TRIMMER et al. v. STATE et al.

No. 18351. Opinion Filed March 25, 1930.

Rehearing Denied April 15, 1930.

John Barry, for plaintiffs in error.

J. G. Springer, for defendants in error.

SWINDALL, J. This action is here on appeal from the judgment, order, and decision of the district court of Washita county, Okla., denying the application of the plaintiffs in error to set aside the order of forfeiture entered by said court forfeiting the appeal bond given by the plaintiff in error Fount Trimmer and from the judgment and order of the district court of that county granting judgment upon the order of forfeiture in a separate action brought by the state of Oklahoma on relation of J. G. Springer, county attorney of Washita county, Okla., against these plaintiffs in error, who were defendants in such action. Cause No. 3164, below, was instituted on the 19th day of January, 1926, in the name of the state on relation of the county attorney against these plaintiffs in error. The petition in that case alleged (3) that on the 3rd day of February, 1923, the plaintiff in error Fount Trimmer was convicted of the crime of burglary in said court, prayed an appeal, appeal was allowed and bond fixed in the sum of $3,000, which bond was executed by Fount Trimmer, as principal, and J. N. Crutchfield, W. A. Gann, and A. L. Beach, as sureties, and duly approved. That the appeal was duly perfected to the Criminal Court of Appeals, and that on the 3rd day of November, 1925, the mandate of that court was issued to the trial court affirming said decision, and that the mandate was spread of record in the trial court on the 3rd day of December, 1925, and that on the 8th day of January, 1926, an order of forfeiture was made by the trial court forfeiting the said bond. To this petition the plaintiffs in error, defendants below, filed their answer in the form of a general denial. The answer was filed on the 23rd day of February, 1926.

On April 12, 1926, the plaintiffs in error filed an original action, being cause No. 3221, in the district court of Washita county, Okla., against the state of Oklahoma, and State of Oklahoma ex rel. J. G. Springer, county attorney, seeking to set aside the order of forfeiture made and entered in the trial court on the 8th day of January, 1926, reciting the order of forfeiture, and that it was wrongfully and unlawfully obtained; that at the time the court made the order of forfeiture no order or notice to the said Fount Trimmer to appear had been made or given. That the mandate from the Criminal Court of Appeals had been spread of record in said court on the 3rd day of December, 1925, and that no further action was then necessary and proper before that court. That the sheriff of said county had never

received an order of commitment authorizing the arrest of said Fount Trimmer; that the sheriff knew at all times that the said Fount Trimmer was a resident of the state of Oklahoma, and knew that he was depending and relying on the promise of the sheriff and county attorney to notify him when he was wanted, and knew that the said Fount Trimmer would appear at any time the said sheriff would notify him to do so. That the sheriff, as an officer of the court, had agreed with the said Fount Trimmer and his bondsmen that he would notify them when a commitment was delivered to him for the purpose of serving, and that the said Fount Trimmer might take the commitment papers and go unaccompanied to the state penitentiary at McAlester, Okla. That said agreement was known to and authorized by the county attorney, and that his bondsmen, in good faith, relied upon the assurances and agreement of the officers of the trial court to so notify him. That neither he nor his bondsmen had any knowledge that he was wanted before the court on the 8th day of January, 1926; and that no disrespect was meant to the trial court and that they honestly believed they were entitled to rely upon the promises and assurances of the officers of the court.

In the petition in said action, the plaintiffs offered to pay into court any and all expenses or costs the state had been put to by reason of the failure of said Fount Trimmer to appear.

The petition and application to set aside said forfeiture further recited that affidavits were attached showing in detail the facts that caused the plaintiff, Fount Trimmer, and his bondsmen to rely upon said assurances, and that by reason of said facts the state of Oklahoma was estopped from insisting upon the forfeiture of said bond, and that also by reason of said facts fraud was practiced upon them by the state in securing said forfeiture. That said Fount Trimmer was then and had at all times been within the jurisdiction of the state and did thereby surrender himself to the court for proper order and disposition.

The affidavits attached to the petition and the other evidence offered at the trial will be hereafter more fully discerned.

The county attorney waived service of summons for the defendant in that action and filed a demurrer, which he thereafter waived by filing his answer in the form of a general denial.

On the 30th day of October, 1926, both actions were, by agreement of counsel, consolidated and a jury waived and the cause presented to the trial court with the stipulation that the affidavits and evidence be considered by the court in both actions.

The court, after hearing the evidence, rendered judgment denying the prayer of the petition of plaintiffs in error to vacate the order forfeiting the appeal bond, and entered judgment in cause No. 3164 on the appeal bond, and the defendants in the suit on the appeal bond, being the plaintiffs in the suit to vacate, duly excepted and gave notice of their intention to appeal as provided by law.

The action of plaintiffs in error is founded upon section 810, C. O. S. 1921, which provides that:

"The district court shall have power to vacate or modify its own judgments of orders, at or after the term at which such judgment or order was made: * * *

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. * * *

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Plaintiffs in error base their appeal upon one assignment of error: "The trial court erred in denying the application to set aside the forfeiture."

The record shows that on the 19th day of January, 1926, action was commenced on the forfeited appeal bond, and that on January 21, 1926, J. N. Crutchfield, one of the plaintiffs in error, was personally served with summons in Washita county, Okla., and that A. L. Beach, another one of the defendants below, plaintiff in error, was personally served with summons in Garvin county, Okla., on January 22, 1926, and W. A. Gann, the other surety on the appeal bond, was personally served in Stephens county, Okla., on February 1, 1926; the three above-named parties being all the sureties on the appeal bond. The summons was returned "not found" as to Fount Trimmer, but he and the other plaintiffs in error filed an answer on February 23, 1926.

The evidence shows that on or about December 23, or December 24, 1925, Fount Trimmer went to Cordell, Okla., with A. L. Beach and that he knew at that time that the criminal case had been affirmed by the Criminal Court of Appeals, and that sometime in November or December Mr. King told A. L. Beach that the sheriff wanted Fount Trimmer to come in and surrender up. Mr. A. L. Beach testified that about the 1st of November he had a conversation with the

county attorney and was told by him that the case had been affirmed, and that Fount Trimmer was needed in Cordell, Okla. Beach further testified that the county attorney called him the 28th or 29th of November, 1925, and could not get him, and that Beach had a talk with John Miller, the sheriff, and that the sheriff told him to have Fount Trimmer come in. The sheriff did not set any date; he just said that, "they requested me to bring Fount Trimmer in."

A. R. Jaynes testified by affidavit that during the month of December, 1925, some person claiming to be the county attorney of Washita county, Okla., was calling over the phone at Lindsay for A. L. Beach, and finally that affiant learned that the said party told the phone force that he would talk to a deputy sheriff or the city marshal of said town, and that thereupon this affiant talked with said county attorney, and that said county attorney said he was trying to get A. L. Beach over the phone, and he wanted to advise him to bring Fount Trimmer to Cordell on the crime charge where he was his bondsman, and that within a short time affiant advised the said A. L. Beach of his call, and thereupon the said A. L. Beach called the county attorney of Washita county over the phone and talked with him in regard to this matter.

The county attorney of Washita county, testified by affidavit that, on or about the 28th of November, 1925, he was informed by the sheriff, John Miller, that one A. L. Beach, surety on the supersedeas bond of Fount Trimmer, had failed to produce or bring said Fount Trimmer to Cordell for the purpose of complying with the judgment and sentence in said cause. The county attorney further stated that, upon being informed by the sheriff of the failure of said A. L. Beach to bring the said Fount Trimmer into court, or give any reason why he failed to do so, affiant, on or about the 28th day of November, 1925, attempted to call the said A. L. Beach at Lindsay, Okla., by phone, and that after several attempts he called for any deputy sheriff or city marshal who might be at Lindsay, and that a man who said he was deputy sheriff made answer. The county attorney further states that on or about the 29th or 30th of November, 1925, the said A. L. Beach called affiant by phone from Lindsay, Okla., and at that time, by phone, affiant informed the said A. L. Beach of the affirmance of the case of said Fount Trimmer, by the Criminal Court of Appeals of the state of Oklahoma, and that the mandate had been received, and that the said Fount Trimmer must be brought into court at Cor-

dell by the 3rd of December, 1925, or a forfeiture on said supersedeas bond would be taken.

The record further shows that the said Fount Trimmer had failed to surrender to the sheriff prior to the time the plaintiffs in error commenced their action to vacate the order of forfeiture in this cause.

The term of court at which the bond was forfeited did not expire until the first Monday in March, 1926 (section 3072, C. O. S. 1921), so the defendants, plaintiffs in error, had actual notice of the forfeiture of the bond from the date process was served upon them respectively, and the principal, Fount Trimmer, from the time he answered on February 23, 1926, and this, in addition to the information imparted to the principal on the bond, Fount Trimmer, and his brother-in-law, A. L. Beach, in November or December, 1925, and they did not attempt to go into the district court during the term which the order of forfeiture was entered, as they could have done under section 2927, C. O. S. 1921. The defendants, plaintiffs in error, failed and neglected to offer any excuse why the order of forfeiture should be set aside during the term at which it was entered.

Section 576, C. O. S. 1921, provides that, before a party can maintain a suit under that section of the statute for a new trial, he must show that the grounds for a new trial could not with reasonable diligence have been discovered before, but were discovered after the term at which the verdict or decision was rendered or made, or report of the referee approved.

We do not think it would be consistent with our laws, requiring a party to show reasonable diligence to discover his grounds for a new trial before the expiration of the term, and then permit him, where he has actual notice that an order of forfeiture has been entered against him, and such party had a reasonable time before the adjournment of that term of court to appear in court and surrender himself and offer his excuse for neglecting to appear according to the terms and conditions of his appeal bond, that he "will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals of the State of Oklahoma, or the district court of Washita county, in the further progress of the cause."

The Criminal Court of Appeals affirmed the judgment and sentence of the district court of Washita county, and the mandate was spread in that court December 3, 1925, so there was nothing left for the defendant,

Fount Trimmer. to do, in order to comply with the condition of his bond, except surrender himself up to the sheriff of Washita county to be by him transported to the state penitentiary at McAlester, Okla., and there delivered to the keeper of that prison.

When Fount Trimmer neglected to do this, it was the duty of the sureties on his appeal bond to surrender him to the sheriff of Washita county, Okla.

In the case of Edwards v. State, 39 Okla. 605, 136 Pac. 577, this court said:

'When a principal has been discharged on bond, the surety is technically considered as his custodian and as having control and dominion over him and may discharge himself by surrendering the principal in the manner prescribed by statute."

"The dominion a bail has over his principal has been quaintly expressed as follows:

" 'The bail have their principal on a string, and may pull the string whenever they please and render him in their discharge; they may take him up even on Sunday and confine him till the next day, and there render him for the entry in this court, traditur in ballium, etc., and the doing it on Sunday is no service of process.' "

The suit to vacate being in its nature an equitable action, this court is not authorized to reverse the trial court, unless it clearly appears that the court below abused its discretion in relation to such action. Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851.

Abuse of judicial discretion is "a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." Kinnear v. Dennis, 97 Okla. 206. 223 Pac. 383.

In Grammer v. State, 105 Okla. 72, 231 Pac. 505, this court said:

"The provision in section 2927, C. O. S. 1921, for discharging a forfeiture taken on a bail bond, is applicable only when the application for setting the order of forfeiture aside is made at the same term of court where the forfeiture is taken.

"The seventh paragraph of section 810, C. O. S. 1921, providing unavailable casualty or misfortune as a ground for vacating or modifying a final order or judgment, may be invoked to set aside an order forfeiting a bail bond after the term is closed, within the limitations provided in section 817, C. O. S. 1921.

"In a proceeding to vacate or modify a final order or judgment. under paragraph 7 of section 810, C. O. S. 1921, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party was not guilty of neglect in allowing the order or judgment to be taken."

Plaintiffs in error rely for reversal of this cause upon Sutton v. State ex rel. Selby, County Attorney, 86 Okla. 120, 206 Pac. 818.

We cannot agree with counsel for plaintiffs in error that this case is authority for sustaining their position. In that case, to sustain their defense, the defendant A. L. Sutton, who was the defendant in the case in county court, and the one who gave the bond, testified, in substance, that he and his attorney were present in the county court on December 7, 1916, the date the case was first set for trial; that they went to the office of the county attorney and had a conversation with Mr. Selby, the then assistant county attorney, in which Selby said that he was not after Sutton, but was after the agent at Newalla, and if Sutton would tell the truth about it, he would let him go; that Sutton on that date said he knew nothing against the agent; that Selby then asked him where certain other parties lived, to which Sutton replied that some of them lived in Pottawatomie county, and Selby then said: "Well, you can go back home and find some of the other boys; I will let you go, and you need not come back any more unless we let you know. If we need you any more, we will let you know." He further testified that Selby requested him to obtain statements from other parties who had been obtaining liquor at the express office of Newalla. That he secured these statements and gave them to Wallman, his attorney, to send to Selby; that he told his bondsman that the case against him had been dismissed, and that he had no notice or knowledge of the setting of said case against him the following February, and did not know his bond had been forfeited until he was served with a summons in the case when suit was brought on the forfeited bail. There is other evidence in the record in that case corroborating Sutton.

So, it appears to us that the plaintiffs in error, knowing that the mandate had been rendered and that they were sinning away their days of grace when they did not surrender the plaintiff in error, Fount Trimmer, to the sheriff of Washita county, and then go into the county court and move to set aside the order of forfeiture on the appeal bond. The plaintiffs in error had ample time to move to vacate the order of forfeiture at the term at which it was entered. and the sureties had ample time to surrender up the principal at that term of court. It appears from the record that the principal on the bond, Fount Trimmer, and his broth-

er-in-law, A. L. Beach, were too busily engaged in trying to secure executive clemency to devote any attention to the order forfeiting the appeal bond in the trial court.

We are of the opinion that the trial court did not abuse its discretion in refusing to vacate the order forfeiting the appeal bond of Fount Trimmer.

Finding no error in the judgment and decision of the trial court, the same is in all things affirmed.

MASON, C. J., and HUNT, HEFNER, and ANDREWS, JJ., concur. CLARK and CULLISON, JJ., dissent. LESTER, V. C. J., and RILEY, J., absent and not participating.