## SEABA et al. v. STATE.

No. 19244. Opinion Filed June 24, 1930.

Rehearing Denied Sept. 16, 1930.

Walter Mathews, for plaintiffs in error.

Roy R. Carver and Howard Johnson, for defendant in error.

SWINDALL, J. By this appeal plaintiffs in error, Carl Seaba and Eva Seaba, complain of the action of the district court of Kay county, Okla., in denying their application to vacate a judgment of forfeiture of an appeal bond executed by them as principal and surety, respectively, staying the execution of a judgment of conviction of the principal for the crime of burglary pending the determination of his appeal from the district court of Kay county, by the Criminal Court of Appeals of the state of Oklahoma.

The record shows that on June 27, 1924, Carl Seaba was convicted of burglary and his punishment fixed at imprisonment in the state penitentiary for a term of five years, from which conviction he appealed to the Criminal Court of Appeals. His appeal bond was fixed at $5,000, which was conditioned "that the said Carl Seaba will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the district court of Kay county in the further progress of the cause and will not depart without leave of the court." Eva Seaba, mother of the defendant, plaintiff in error, in the criminal action signed his appeal bond as surety. On January 22, 1926, the judgment of conviction was affirmed by the Criminal Court of Appeals. Petition for rehearing was filed within the time prescribed by the rules of the Criminal Court of Appeals. On the 22nd day of November, 1926, the Criminal Court of Appeals denied the petition and issued a mandate directing the district court of Kay county to cause such affirmance to be shown of record and to issue such process and to take such other and further action as the lower court deemed right and just in accordance with the opinion of the Criminal Court of Appeals. The mandate was spread of record in the district court of Kay county on the 31st day of December, 1926, which was a regular judicial day of the December, 1926, term of said court. On the 5th day of January, 1927, the defendant, Carl Seaba, having failed to appear and submit to the judgment and sentence, and his bondsmen having failed to produce the body of the defendant in court in accordance with the terms of the appeal bond, an order was entered forfeiting said appeal bond and the county attorney of Kay county directed to bring action to recover thereon. Under section 3072, C. O. S. 1921, the regular terms of the district court of Kay county were then fixed to convene on the first Monday in April, September, and December of each year. Carl Seaba

did not appear at any time during the December, 1926, term of court, which expired on the first Monday in April, 1927, and move to set aside the forfeiture.

On June 10, 1927, action was commenced in the district court of Lincoln county to recover on the forfeited appeal bond, that county being the residence of Eva Seaba, surety on said bond. On August 2, 1927, the plaintiffs in error filed their application to vacate the order of forfeiture, and on about August 29, 1927, the sheriff of Kay county went to Lincoln county with a warrant to arrest Carl Seaba, at which time he surrendered to the sheriff of Kay county and was committed to the state penitentiary in accordance with the mandate of the Criminal Court of Appeals. On September 26, 1927, by leave of the court, the plaintiffs in error amended their application to set aside the order of forfeiture.

The record shows that a commitment was duly signed by the trial judge at the time judgment and sentence was entered in this cause and that proceedings on the commitment were stayed by the giving of the appeal bond involved in this action. The plaintiffs in error submit this case upon two propositions: First, that the order of forfeiture on an appeal bond must be entered by the Criminal Court of Appeals; and, second, they attempt to allege facts bringing it under the 7th subdivision of section 810, C. O. S. 1921. We cannot agree with the contention of the plaintiffs in error that the district court of Kay county was without jurisdiction to enter the order of forfeiture on the appeal bond and that the same should have been entered by the Criminal Court of Appeals of the state of Oklahoma.

When the Criminal Court of Appeals of this state affirms the judgment and sentence of a trial court in a criminal action and remands the same to the lower court with directions to carry out the mandate of the Criminal Court of Appeals, then the trial court has as full and complete jurisdiction of said cause, for all further proceedings consistent with the mandate, as though no appeal had ever been taken. The Criminal Court of Appeals affirmed the judgment of the district court of Kay county and remanded the cause to that court with directions to carry out the judgment of the Criminal Court of Appeals, then that court had as full and complete jurisdiction of said cause as though no appeal had ever been taken, and, when the defendant, Carl Seaba, failed to appear in the district court of Kay

county and surrender himself up to the sheriff of that county to perform said judgment and sentence, it was the duty of the district court of Kay county to forfeit the appeal bond. If the defendant had a sufficient excuse to offer for his failure to appear in the district court of Kay county on the 5th day of January, 1927, or at any time during that term of court, he should have done so before that term of court expired on the first Monday in April, 1927. When he failed to appear during the term of court at which the order of forfeiture was entered, he had the right, under subdivision 7 of section 810, C. O. S. 1921, to file a petition to vacate said order of forfeiture for unavoidable casualty or misfortune preventing him from defending against the order of forfeiture.

So the only issue for us to determine in this case is, Do the facts disclosed by the record authorize or warrant this court in reversing the judgment of the district court of Kay county in its refusal to vacate the order of forfeiture? The plaintiff in error, Carl Seaba, admits that he knew that the criminal action was affirmed by the Criminal Court of Appeals on the 22nd day of January, 1926, and that he filed a petition for rehearing. He claims that he did not know that the Criminal Court of Appeals had denied this petition and that a mandate had issued. This is his only excuse for failure to appear in the district court of Kay county and surrender himself to the sheriff of that county in accordance with the terms and conditions of his bond.

This court, in Forest v. Appelget, 55 Okla. 515, 154 Pac. 1129, in passing upon subdivision 7 of section 5267, Rev. Laws of 1910, which is the same as subdivision 7 of section 810, C. O. S. 1921, said:

"In a proceeding to vacate a judgment under subdivision 7 of section 5267, Rev. Laws of 1910, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment."

That holding was again approved by this court in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, and Grammer v. State, 105 Okla. 72, 231 Pac. 505.

In 1927, in order to more speedily enforce the criminal procedure of the state of Oklahoma, the Legislature enacted chapter 28, p. 46, Session Laws of 1927, which makes it the duty of the court clerk, in all coun-

ties, upon receipt from the clerk of the Criminal Court of Appeals of any mandate or order of the Criminal Court of Appeals, to immediately and without any order from the court or judge thereof, to spread said mandate or order of record in the proper court and to issue and place in the hands of the proper officer appropriate process for carrying out such mandate or order.

We are of the opinion that the contention of the plaintiff in error, Carl Seaba, that he did not know that the petition for rehearing had been denied until June, 1927, is without merit. The opinion in the criminal case, Seaba v. State, is reported in 33 Okla. Cr. at page 59, 242 Pac. at page 779, and the record showed the petition for rehearing denied and mandate issued long before the expiration of December, 1926, term of the district court of Kay county.

It was not the duty of the sheriff or county attorney of Kay county to keep the plaintiff in error advised as to what action was taken in his case by the Criminal Court of Appeals, but it was the duty of the plaintiff in error, Carl Seaba, and his attorney to keep advised concerning the proceedings of the Criminal Court of Appeals, and had they made any inquiry of the clerk of the Criminal Court of Appeals or of the district court of Kay county, Okla., they could, with the exercise of ordinary diligence, have discovered that the case had been affirmed and that the mandate had been spread of record in the district court of Kay county. Wagner v. Lucas, supra.

The record shows that more than 90 days elapsed between the date of the order spreading the mandate of record in the district court of Kay county, Okla., and the expiration of that term of court. If timely motion had been made to the district court to vacate the order of forfeiture during the term at which the same was entered, in accordance with the provisions of section 2927, C. O. S. 1921, and the trial court had denied the prayer of said motion, then an entirely different proposition would be presented, but where the defendant in a criminal case permits the term of court to expire and seeks to vacate the order of forfeiture of an appeal bond at a subsequent term of court, he must bring his case within the provisions of section 810, C. O. S. 1921. This the trial court found the plaintiffs in error did not do, and they ask this court to reverse the order of the trial court for abuse of judicial discretion.

The affirmance of this judgment may work a hardship upon the mother of the defendant, but the statutes of this state fix the duties and liabilities of persons who sign bonds in criminal actions, and, as said by this court in the recent case of Trimmer v. State ex rel. Springer, 142 Okla. 278, 286 Pac. 783, in an action brought under section 810, C. O. S. 1921, to vacate a judgment or order after the term of court at which the same was entered had expired, and the trial court, after hearing the evidence, denies the prayer of the petition to vacate, this court will not reverse the judgment of the trial court where it does not clearly appear that the trial court abused its discretion.

"Abuse of judicial discretion" is a discretion exercised to the end or purpose not justified by, and clearly against, reason and evidence.

We cannot say that the trial court in this action abused its discretion in refusing to vacate the order of forfeiture, and therefore the judgment of the district court of Kay county, Okla., is in all things affirmed.

LESTER, V. C. J., and HUNT, HEFNER, and ANDREWS, JJ., concur. CLARK and CULLISON, JJ., dissent. MASON, C. J., and RILEY, J., absent.