## GILL v. MEIS et al.

No. 20996. Opinion Filed June 28, 1932.

John C. Warnock and Abernathy & Howell, for plaintiff in error.

A. M. Baldwin and Goode, Dierker & Goode, for defendants in error.

HEFNER, J. On February 4, 1927, Iva Meis brought an action in the district court of Pottawatomie county against J. R. Snyder, R. L. Straughan, Stella Crosby, and others, to foreclose a real estate mortgage on certain lands in that county. X. R. Gill, who owned a royalty interest in the land, was made a party defendant. He filed an answer and cross-petition, in which he alleged that he was the owner of an undivided one-fourth royalty interest therein, and prayed that his interest be fixed and determined by the decree, and that the land be appraised and sold subject to his interest. On May 23, 1927, judgment of foreclosure was entered against all defendants in the absence of cross-petitioner and his counsel. The decree foreclosed said defendant from claiming any right, title, or interest in the land. The premises were sold under this decree, the sale confirmed by the court, and a sheriff's deed thereto executed to plaintiff Iva Meis. On January 8, 1929, defendant Gill filed petition to vacate the judgment, and to cancel the sheriff's deed. In his petition he alleged that judgment was entered in his absence, and without notice or knowledge that the case had been set for trial; that the land was sold under the judgment, the sale confirmed by the court, and sheriff's deed executed to plaintiff; and that plaintiff thereafter conveyed the land to Stella Crosby. In his petition, among other things, defendant alleged that the record in the foreclosure proceedings shows that no order was ever made or entered by the judge of the district court of Pottawatomie county setting the cause for trial, and that no trial docket was made by the clerk 12 days before the first day of the term of court, as provided by section 579, C. O. S. 1921; and that no copy of such trial docket was made by the clerk for the use of the bar before the first day of the term of court, as provided by section 580, C. O. S. 1921. Plaintiff filed a demurrer to this petition, which was by the court sustained. Defendant Gill assigns this ruling as error.

We think the allegations of the petition are sufficient to state a cause of action for the vacation of the judgment. If sections 579 and 580, supra, had not been complied with by the clerk, and after the issues were made up, judgment was rendered against the defendant in his absence without knowledge that the case had been set for trial, as alleged in the petition to vacate, the judgment should have been vacated by the court because of the mistake, neglect, and omission of the clerk, as provided by subdivision 3, section 810, C. O. S. 1921. These provisions of the statute are vital, enacted for the benefit of litigants, and should be complied with.

In the case of Nation v. Savely, 127 Okla. 117, 260 P. 32, the following rule is announced:

"Sections 579 and 580, C. O. S. 1921, relating to the time and manner of setting cases for trial and publication of the trial docket before the regular session or term of court, are vital provisions for the benefit of litigants; and by virtue of the first clause of the third subdivision of section 810 of the statutes, where a default judgment has been rendered, the aggrieved person, by reasonable application, upon showing that these statutes were not complied with, may have the judgment set aside at or after the term after such judgment or order was rendered, unless such aggrieved person had actual notice of the trial in time to appear and defend or prosecute his cause. * * *"

This rule was approved and followed by this court in the case of McKinney v. Swift, 135 Okla. 164, 274 P. 659.

Plaintiff contends that the demurrer was properly sustained for the reason that defendant's petition to vacate was not filed in time, and in support of this contention relies upon the last part of section 811, C. O. S. 1921, which provides:

"* * * The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

The petition in the instant case is not based on the ground that the judgment was rendered before the case regularly stood for trial, but is based on the ground of mistake and neglect of the clerk, under subdivision 3 of section 810, supra.

The facts in this case bring it within the rule announced in the Nation Case, supra. Under section 817, C. O. S. 1921, a motion to vacate for causes mentioned in subdivision 3, section 810, supra, may be brought at any time within three years after the rendition of the judgment.

Defendant's petition to vacate was filed within time; it stated facts sufficient to authorize the vacation of the judgment; and the trial court therefore erred in sustaining a demurrer thereto.

The question whether the court has jurisdiction in this proceeding to cancel the sheriff's deed and the deed from plaintiff to defendant Crosby is not briefed, and is therefore not decided. The rights of defendant Crosby, under her deed from plaintiff, are governed by the provisions of section 718, C. O. S. 1921.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer to defendant's petition to vacate, and for further proceedings not inconsistent with the views herein expressed.

SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.