### BRUNER et al. v. INDIAN TERRITORY ILLUMINATING OIL CO. et al.

No. 23469. Opinion Filed June 20, 1933.

Warren, Crutcher & Warren, for plaintiffs in error.

Fred M. Carter, for defendants in error.

PER CURIAM. On the 23rd day of August, 1930, Ellen N. Bruner and the Camden Fire Insurance Company, of Camden, N. J., filed their action in the district court of Hughes county, alleging that Ellen Bruner was the owner of certain property subject to an oil and gas lease, and by the operation of said lease the defendants destroyed the buildings upon the premises by fire, and sought damages therefor.

Judgment was rendered after a verdict by a jury for the defendants, and on the 5th day of October, 1931, the court overruled the motion for new trial. At that time 60 days was given in which to make and serve case-made. Thereafter 60 days from December 1, 1931, was granted in which to make and serve case-made. That 60 days expired on the 30th day of January, 1932, and it was not until the 1st day of February, 1932, that the court purported to extend the time within which to make and serve case-made.

Plaintiffs thereafter attempted to serve the case on the 29th day of February, 1932, but, under the universal holding of this court, a case-made so served is a nullity, and presents nothing to this court for review, and an appeal based thereon will be dismissed. Sautbine v. Johnson, 163 Okla. 121, 20 P. (2d) 1038; Jones v. Blanton, 130 Okla. 200, 266 P. 438.

Plaintiffs in error state that after the order overruling the motion for new trial was entered, there was filed on December 2, 1931, a motion to vacate the order overruling the motion for new trial. The court overruled that motion and no time was taken in which to make and serve case-made, and since motions, orders, and rulings thereon are not a part of the record proper, unless incorporated in a bill of exceptions or case-made. the same cannot be considered. Sautbine v. Johnson, supra.

The appeal is, therefore, dismissed.