### PRICE v. STATE.

No. 22672.    Oct. 23, 1934.

R. E. Bowling, for plaintiff in error.

E. W. Fagan and John C. Powell, for defendant in error.

PER CURIAM.    H. W. Price appealed from a conviction in a felony case in Murray county to the Criminal Court of Appeals, and executed a supersedeas bond signed by W. H. Pittman, T. W. Price, and J. F. Shaw, as sureties. The Criminal Court of Appeals affirmed the conviction. Price v. State, 46 Okla. Cr. 96, 287 P. 1064.

The mandate of the Criminal Court of Appeals was filed in the lower court February 17, 1930. On March 17, 1930, the court entered an order forfeiting the supersedeas bond. The petition to vacate the order of forfeiture was filed September 4, 1930. Summons was issued to the board of county commissioners and the county attorney of Murray county, Okla., served and re-

turned as provided by law. The county attorney filed an answer to the petition to vacate the order of forfeiture on September 24, 1930. The proceedings were heard on the 26th of November, 1930, and the court denied the petition to vacate the order of forfeiture. This petition was filed by Mattie H. Pittman, as executrix of the estate of W. H. Pittman, deceased, alleging that W. H. Pittman departed this life the 13th of June, 1928, and that she was appointed executrix on the 28th of May, 1930. It then alleged the action of the trial court in forfeiting the supersedeas bond and petitioned the court to vacate the same on the following grounds:

First. That W. H. Pittman did not sign said bond.

Second. That on the date of the forfeiture W. H. Pittman was deceased, and no administrator or executor had been appointed of his estate.

Third. That the forfeiture was taken without issuance of bench warrant and without notice to the principal or his sureties, and further recited that Price had employed an attorney who failed to brief the case in the Criminal Court of Appeals, and the appeal was accordingly dismissed. Also, that W. H. Pittman never signed the supersedeas bond.

Petitioner further alleged that W. H. Pittman was incompetent at the time this bond was signed. Petitioner set up also that Price was located in the state of Washington, and that requisition was never issued by the state, although she requested the county attorney and sheriff of Murray county to undertake to return the defendant Price, and charged that she offered to pay the expenses of an officer to return Price to this state upon an agreement to the effect that the proper officer, including the county attorney, would recommend the vacation of the forfeiture, which the officers failed and refused to do.

On the trial the court permitted the executrix to strike from her petition to vacate the order of forfeiture all of the allegations of incompetency of W. H. Pittman at the time of the execution of the bond, and all allegations that he did not sign the bond. Motion for new trial was heard February 5, 1931, and denied. The court granted Mattie H. Pittman, executrix, 60 days in which to serve the case-made. The case-made, however, was not served until April 9, 1931. The case-made therefore was a nullity and presents nothing for this court to review. Bruner v. Indian Territory Illuminating Oil Co., 164 Okla. 140, 23 P. (2d) 173.

The record, however, is certified as a transcript by the court clerk, and we have examined the record as a transcript. A proceeding to vacate the order of forfeiture after the term of the district court has expired must be conducted under section 556, Okla. Stats. 1931, subds. 6 and 7. This applies to proceedings to vacate an order of forfeiture after the expiration of the term of court. Grammer v. State, 105 Okla. 72, 231 P. 505.

The petition to vacate the order of forfeiture, however, must set up a valid defense. Harn v. Amazon Fire Ins. Co., 66 Okla. 99, 167 P. 473; Leforce v. Haymes, 25 Okla. 190, 105 P. 644.

When the trial court permitted the executrix to strike from the petition all of the allegations that W. H. Pittman was incompetent when the bond was signed, and that he never signed the bond, there was nothing left in the petition which stated a valid defense to the order of forfeiture.

The judgment of the trial court therefore is affirmed.

The Supreme Court acknowledges the aid of Attorneys Malcolm McKenzie, A. L. Jeffrey, and G. A. Paul in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. McKenzie and approved by Mr. Jeffrey and Mr. Paul, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.