## STATE ex rel. WILLIAMS v. SMITH et al.

No. 26514.    June 30, 1936.

W. J. Williams, Co. Atty., for plaintiff in error.

John Steele Batson, for defendants in error.

PHELPS, J.   John D. Smith was charged in the district court with the crime of murder and made his appearance bond in the sum of $10,000. The defendants in the present action, who are also the defendants in error, were his sureties on the appearance bond.

John Smith failed to appear on the date for his trial, and the court ordered his bond forfeited and directed the county attorney to file suit against the sureties thereon. The county attorney filed suit, the defendant sureties filed motions to quash and dismiss, demurrer and answer. The case proceeded to trial, the defendants appearing by their attorneys, and at the conclusion thereof the trial court rendered judgment against the defendants. The defendants filed their motion for new trial, which was overruled, and no appeal therefrom was ever perfected.

During the following or second following term of court the defendants filed their petition to vacate the aforesaid judgment against them, on the alleged ground of unavoidable casualty and misfortune preventing them from defending that action. A hearing was had on this petition to vacate, evidence was heard, and the court rendered judgment in favor of the defendants, vacat-

ing the above-mentioned judgment against them as sureties. The plaintiff appeals from this judgment vacating the former judgment.

The evidence revealed that after the judgment on the bond forfeiture was rendered the defendants began a quite extensive search for the accused, in which they spent considerable money, and that this search eventually resulted in the apprehension of the accused in the state of Texas, from which place he was returned by the defendants, lodged in the county jail and eventually tried, found guilty, and sentenced. It further appears that the defendants had paid over $1,000 on the bond and that the county was none the worse off financially by the delay in bringing the accused to trial.

Under this set of circumstances, it may to some people seem hard indeed to enforce the bond forfeiture against the defendants. The fact nevertheless remains that we are not the makers of the law and that when our natural inclinations conflict with the plain provisions of the statutory law, the latter must shape the course of our decision.

There was no evidence, of any nature whatsoever, tending to prove that the defendants through unavoidable casualty or misfortune were prevented from defending the bond forfeiture action in which the judgment against them was vacated by the instant proceedings. In fact, they did defend that action, and the record affirmatively so shows. That the accused failed to appear for his trial was misfortune,—whether "unavoidable" we do not know; but that is not misfortune preventing the defendants from defending against the bond forfeiture action. It is always "misfortune," for any defendant, when he is haled into court. The misfortune had already occurred when the action was filed against the defendants; in fact it caused the filing thereof, and there was no recitation of facts in their petition to vacate, nor in their testimony, which would lead any one to believe that they were prevented from defending the action by casualty or misfortune or by anything else.

The parties agree that the petition to vacate was founded on the 7th subdivision of section 556, O. S. 1931 (810, C. O. S. 1921), which provides that unavoidable casualty or misfortune, preventing a party from prosecution or defending, may serve as a basis for vacating or modifying the judgment of a district court, at or after the term at which such judgment was rendered. We have uniformly held that if a judgment rendered at a former term is vacated under this subdivision there must be proof that the moving party was prevented from defending or prosecuting by unavoidable casualty or misfortune. If there is no evidence whatsoever to sustain a judgment vacating a former judgment, purportedly made on that ground, it is most obviously beyond our power to affirm the judgment. Under section 2820, O. S. 1931, dealing with the forfeiture of bail bonds, and providing that "* * * if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just," the power of the court to discharge the forfeiture is limited to that particular term of court; but when action is filed and judgment is actually entered against the sureties, and it is not sought to vacate that judgment until a subsequent term of court, the 7th subdivision of section 556, supra, applies as in any other action.

We stated in Burton v. Swanson, 142 Okla. 134, 285 P. 839, that the purpose of the subdivision is to give the party an opportunity to be heard on the merits of his defense, and when the party has once been heard, he has no remedy under the said 7th subdivision. We quote from that decision as being particularly appropriate to this case:

"* * * The 7th subdivision of section 810, supra, requires the unavoidable casualty and misfortune to have been such as to prevent the party from prosecuting or defending. The record in this case shows that plaintiffs were present and participated in the proceeding and defended the action. There is nothing in the 7th subdivision, supra, that applies to the inability of a party to discover the evidence necessary to constitute a defense. The purpose of that provision is to give a party litigant an opportunity to prosecute or defend an action when he has been prevented from prosecuting or defending the cause by some unavoidable casualty or misfortune. The unavoidable casualty or misfortune therein referred to consists of some act or thing affecting a party to the litigation and has no relation to a fact or thing that affects a party's ability to ascertain or discover evidence sufficient to constitute a defense."

We deem it unnecessary to re-emphasize the above principle by copious quotations from prior decisions. The following opinions, some of which involve the question of vacating judgments rendered at prior terms on bail bonds, sufficiently announce that principle as emanating from the statute itself, any needed changes in which must be made by the Legislature and not by the

court: Burton v. Swanson, supra; Hall et al. v. Holloway et al., 62 Okla. 192, 162 P. 186; McAdams v. Latham, 21 Okla. 511, 96 P. 584; Foltz v. Deshon, 122 Okla. 42, 249 P. 358; Provins v. Lovi, 6 Okla. 94, 50 P. 81; Thompson et al. v. Caddo County Bank, 15 Okla. 615, 82 P. 927; Petros v. Fox-Vliet Drug Co., 138 Okla. 253, 280 P. 812; Tracy et al. v. State ex rel. Fancher, Co. Atty., 60 Okla. 109, 159 P. 496; Gavin v. Heath, 125 Okla. 118, 256 P. 745. In particular see Grammer v. State, 105 Okla. 72, 231 P. 505; Seaba et al. v. State, 144 Okla. 295, 290 P. 1098; Price v. State, 169 Okla. 343, 37 P. (2d) 254.

In addition to the foregoing, it does not appear that there was any defense to the action in the first place. Even if the accused had appeared a few days after the bond forfeiture, and before the action on the bond had been filed, it would not have been a defense to the action on the bond, although it may have been sufficient to warrant the trial judge in exonerating the sureties within that term under the provisions of section 2820, supra. In State ex rel. Buckley v. Drake, 40 Okla. 538, 139 P. 976, an action on relation of the county attorney against the sureties, the accused appeared on the day set for trial, but went to another city to obtain an attorney. He was delayed several days, but did return with the attorney, and the trial progressed. Nevertheless this court affirmed the judgment of the lower court holding that the sureties were liable, and that the tardy appearance of the accused was not a defense to be interposed by his bondsmen. In Ables et al. v. State ex rel. Saye, 79 Okla. 282, 193 P. 969, the accused appeared on time, attended the trial, and was convicted. He was ordered to appear for sentence on a certain date, but failed to do so. This court held that the sureties on the bond having failed to deliver the accused into the hands of the sheriff, the bondsmen were liable, and that the liability did not terminate on the first day of the trial unless he was delivered into the custody of the sheriff.

We may not affirm this judgment on the principle that, under the circumstances, it was a matter within the discretion of the trial court. The discretion of the trial court has its limits, and those limits never extend so far as to warrant judgments unsupported by evidence and the law. In Pickering Lmbr. Co. v. Lacy et al., 170 Okla. 447, 44 P. (2d) 42, we said:

"While a proceeding to set aside a judgment under section 556, supra, is in a measure addressed to the discretion of the trial court * * * the discretion involved is judicial and must be exercised in accord with established judicial precedent. If, under an identical state of facts existing in two different cases, the trial court in one might rightfully vacate a judgment and with equal right refuse to vacate the other, and justify the inconsistent orders on the ground of discretion, the discretion involved would in reality become the mere whim of the trial judge."

After the appeal was lodged, the defendants in error filed a motion in this court to dismiss the appeal. This motion, with the response thereto, were considered by us and the motion was denied. A large portion of the brief of defendants in error is composed of virtually the same authorities in support of said motion as were formerly considered by us. We have again considered the question presented and have concluded that the motion, on its own merits, must fail. We therefore adhere to our former ruling.

In conclusion it may be observed that one of the prime purposes of an appearance bond is to insure the presence of the accused for trial, rather than serving as a means of enrichment to the state or county. For this reason, if the accused is produced by his bondsmen within a reasonable period after his failure of appearance, his bondsmen should be exonerated. But the Legislature itself has defined the extent of that reasonable period by prescribing in section 2820, supra, that it shall be "before the final adjournment of court," which means during the same term of court in which the forfeiture was adjudged. Grammer v. State, 105 Okla. 72, 231 P. 505.

There being no evidence to sustain the judgment, it is reversed and the cause is remanded.

OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.