Larry THOMAS and Wabash Fire and Casualty Insurance Company, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 41356.

Supreme Court of Oklahoma.

Dec. 27, 1966.

Judd L. Black, Oklahoma City, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

This is an appeal from an order of the trial court overruling defendant's motion to set aside a forfeiture of an appearance bond in a criminal action.

The defendant, Larry Thomas, was charged on the 11th day of June, 1962, by criminal information in the District Court of Kay County, Oklahoma. He was arraigned and posted an appearance bond in the sum of $3,000.00 executed by himself as principal and the Wabash Fire and Casualty Insurance. Company, as his surety. The appearance docket showed he appeared in person and with his attorney for arraignment where he entered a plea of "not guilty."

The case was called for trial on March 18, 1963, and in the absence of the defendant the court issued a bench warrant and ordered forfeiture of the bond. Pursuant

to this warrant the defendant Thomas was arrested in Oklahoma City. The defendant appeared before the district court on July 2, 1963, and the trial court reset his bail at $6,000.00. The County Attorney electing to release the defendant to the State of Kansas for prosecution upon a similar charge filed a motion to dismiss the Oklahoma criminal action, which was granted by the trial court on July 2, 1963.

The defendant Thomas filed his motion to vacate the bond forfeiture, and the surety, Wabash Fire and Casualty Insurance Company, intervened in the proceeding. The trial court overruled the defendant's motion and an appeal has been perfected to this court.

The defendant and the surety contend that under the provisions of 22 O.S.1961, § 1108, the trial court abused its discretion in overruling the motion to vacate the bond forfeiture. They assert that the defendant Thomas did not willfully evade prosecution and that his absence was shown under the evidence to be satisfactorily excused.

Title 22 O.S.1961, § 1108, provides in part as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. * * *"

The plaintiff argues that the above statutory provision is not applicable in the instant case for the reason the defendant's application to discharge the forfeiture was not filed within the term of the court. Grammer v. State, 105 Okl. 72, 231 P. 505; State ex rel. Williams v. Smith, 177 Okl. 321, 59 P.2d 410.

The first notification of the bond forfeiture to the attorney for defendant Thomas was on June 28, 1963. After receiving this information, the attorney immediately called the court clerk's office from his office in Oklahoma City and advised the clerk that a motion to vacate the bond forfeiture had already been deposited in the United States Post Office on that date. A notation to this effect was entered in the record by the clerk.

The court clerk testified that the office was not opened for business on Saturday, June 29, 1963, and Sunday, June 30, 1963, but that shortly after 8:00 a. m. on Monday, July 1, 1963, when she arrived at the office for work she was given the mail by one of the deputy clerks, which had been deposited in the court clerk's post office box. She further testified that the letter containing the motion of the defendant to vacate the bond forfeiture was included in this mail and that the motion was filed on that date.

It is not disputed that Monday, July 1, 1963, was one day beyond the expiration of the term. See 20 O.S.1961, § 95. We believe however that the filing was proper under the saving clause of 25 O.S.1961, § 82.1, inasmuch as the last day of the term was Sunday, a legal holiday. This statute provides:

"The designation and dates of holidays in Oklahoma shall be as follows: Each Sunday * * *. Any act authorized, required or permitted to be performed on a holiday as designated in this section may be performed on the next succeeding business day and no liability or loss of rights of any kind shall result from such delay."

The state contends that this statute, is only applicable where the time for doing the act is defined by a specified number of days and the last day falls on a

legal holiday. We are of the opinion that the legislature intended the statute to have general application. The unrestricted language of the statute provides that *any* act may be performed on the next business day without loss of rights of any kind from the delay. The last day of the term being Sunday, a legal holiday, the motion of the defendant was properly filed on Monday, July 1, 1963.

We have frequently held that a motion to set aside a forfeiture of any appearance bond is addressed to the sound discretion of the trial court. State v. Wright, 193 Okl. 383, 143 P.2d 801; Wilder v. State, Okl., 310 P.2d 765. But where there is no willful default and no attempt to evade justice, it is an abuse of discretion for the trial court to refuse to set aside the bond forfeiture. Mahaney v. State, 106 Okl. 152, 233 P. 725; Nicholson v. State, 132 Okl. 298, 270 P. 567.

This case was originally set for trial on the jury docket in the District Court of Kay County on November 12, 1962. The defendant Thomas and his attorney appeared in open court and announced ready for trial. The case was stricken from the trial docket by agreement with the County Attorney. There was some testimony that the defendant's attorney and the County Attorney were to confer later with reference to the defendant making restitution and that the case was to rest pending this further conference between the parties. Prior to there having been any conference, the case was again set for trial before a jury for March 18, 1963, but the appearance docket was mailed to another attorney who had also appeared in the pleadings and on the appearance docket as attorney for the defendant. At the time the docket was mailed he had a serious heart condition and had no knowledge that the docket had been mailed to him. By some inadvertence or oversight, the name of the defendant's principal attorney was not placed upon the appearance docket even though the court files in the proceeding show that he appeared at the arraignment as attorney for the defendant and that he was mailed the additional list of witnesses and the notice for endorsement of the witnesses when the case was originally set for trial in November, 1962.

The testimony developed that in the Kay County District Court it was customary for the court clerk to prepare and mail the trial docket to counsel for the defendant. In Nicholson v. State, supra, we said:

"While the law requires interested parties to take cognizance of the proceedings of a trial court, yet upon examination of this record it clearly appears that the absence of defendant was not willful, and that the court was not materially delayed by his absence. * * *"

The evidence in the instant case shows that at all times when the defendant Thomas had notice he voluntarily appeared in Court. The defendant appeared at his arraignment and also appeared when the case was originally set for trial in November, 1962. The only time the defendant Thomas did not appear was when the case was set for trial on March 18, 1963, of which he had no knowledge. Also, we do not believe the court was materially delayed by the defendant's failure to appear for trial on March 18, 1963, as the case was subsequently dismissed on July 2, 1963.

We are of the opinion that the evidence shows the defendant did not willfully absent himself from the court to evade justice and that the trial court's failure to set aside the bond forfeiture was an abuse of discretion.

The judgment of the trial court is reversed with directions to enter judgment vacating the bond forfeiture.

This Court acknowledges the services of ROBERT J. WOOLSEY who with the aid and counsel of DEAN BRUCE PETERSON and ROBERT RIZLEY, as Special Masters, prepared a preliminary advisory opinion. These attorneys have been recommended by the Oklahoma Bar Association and appointed by the Court. The

Chief Justice then assigned the case to RALPH B. HODGES, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.