**H. G. GREGORY and George S. Williams, Plaintiffs in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. 42191.**

Court of Appeals of Oklahoma
Division No. 21.

Dec. 8, 1969.

James H. Ballard, Purcell, for plaintiffs in error.

Murray F. Gibbons, Asst. Dist. Atty., McClain County, Purcell, for defendant in error.

McINERNEY, Presiding Judge.

The sureties on an appearance bond posted in a criminal case appeal from

the order denying a motion to vacate a forfeiture of the bond. The motion was not filed before the final adjournment of court. 22 O.S.1961, § 1108; State ex rel. Williams v. Smith, 177 Okl. 321, 59 P.2d 410. The sole question for determination is, therefore, whether the defendant in the criminal case, Lawrence Stanley Thomas, hereinafter referred to as defendant, had notice, either actual or constructive, that the criminal case was set for trial on May 17, 1965.

The attorney representing defendant, Mr. G., appeared with him for his arraignment in District Court on April 29, 1965. The attorney was informed in open court at the arraignment that a jury trial docket had already been published, that the Thomas case did not appear on the published docket, and that the Thomas case would be set on May 17, 1965 for jury trial. The court minute of May 7, 1965, stating, "Case ordered set for jury trial at the heel of the docket on Monday, May 17th, 1965, at 9:00 A.M." was mailed to the attorney on May 7, 1965 by the court clerk. The court minute conformed to the statement in open court on April 29, 1965 that the Thomas case would be set for jury trial on May 17, 1965. Thomas did not appear on the trial date and his appearance bond was forfeited.

The record discloses that the attorney representing the defendant wrote the County Attorney a letter, dated May 18, 1965, postmarked May 19, 1965, stating that a dental problem would require the case being continued. The trial judge received a copy of the letter on May 20, 1965, three days after the appearance bond had been forfeited. No further effort was made at any time by the attorney to determine the status of the case. The attorney testified that he thought the "heel of the docket" meant the second week of the docket, but that he had not made further inquiry.

The defendant testified that he was readily available for appearing at the trial, but had never been informed of the trial date. He testified that he first learned of the bond forfeiture in July, 1965, after a civil action to recover the amount of the bond had been filed. His surety contacted him, and he surrendered himself to the sheriff of McClain County.

The court found that the attorney representing the defendant in the criminal case had actual notice on April 29, 1965 of the trial date setting of May 17, 1965. The court found, further, that the trial setting was confirmed by mail on May 7, 1965; that the attorney's letter dated May 18, 1965 recognized the need for a continuance; that, thereafter, the attorney completely abandoned the case without filing a motion to set aside the order of forfeiture during the term in which it was entered.

█ The motion to vacate the order of forfeiture was filed by the sureties' attorney on August 27, 1965. The discretion of the court to review the order of forfeiture is not invoked by a motion to vacate the order forfeiting the bond filed after the term in which the forfeiture was adjudged has closed. 22 O.S.1961, § 1108; Ruckman v. State, 44 Okl. 160, 143 P. 1050, 1051; State ex rel. Williams v. Smith, 177 Okl. 321, 59 P.2d 410, 411; Holmes v. State ex rel. Trimble, Okl., 406 P.2d 270.

█ Sureties urge non-compliance by the court clerk in publishing the trial docket without Thomas' case listed thereon, pursuant to 12 O.S.1961, § 663, as a failure of legal constructive notice, citing Gill v. Meis, 158 Okl. 154, 12 P.2d 692, and other cases of similar import. The rule announced in *Gill,* and the other cited cases, construing § 663, supra, is subject to the exception contained in the syllabus of Gill, which provides that actual notice, timely given, is sufficient to afford the litigants the benefit sought to be accomplished by publication of the trial docket. In this case, the court found that the attorney of record regularly employed had actual notice. The contention is, therefore, without merit.

358

The evidence discloses that neither the defendant Thomas nor the sureties received actual notice of the trial date, but this evidence, under the circumstances here, is not a sufficient legal basis to vacate the order of forfeiture. The forfeiture of the bond is based on the non-appearance of the defendant after his attorney had received actual notice of the trial date. Notice of the trial setting given to an attorney of record regularly employed is notice to the litigants and interested parties of the status of the case and their required participation. Jaggers v. Hobbs, 198 Okl. 181, 176 P.2d 828; Vincent v. Kelly, 121 Okl. 302, 249 P. 942. The failure of the attorney to correctly advise Thomas, principal on the appearance bond, of the trial date does not operate to require, as a matter of law, the vacation of the order forfeiting the bond. White v. State ex rel. Trimble, Okl., 412 P.2d 181. As noted earlier, the power of the court to exercise the sound legal discretion to vacate the order on the evidence presented is not preserved by a motion filed after the term in which the order was entered has changed.

The uniform rules for the guidance of the trial courts, 12 O.S. Chap. 2, App., and the Bail Bondsmen and Runners Act, 59 O.S.Supp.1965, § 1301 et seq., are not involved, or considered, in a determination of the question presented here.

The denial by the trial court of the motion to vacate the order forfeiting the appearance bond is affirmed.

WILSON, GEO. HOWARD and SWANSON, JJ., concur.