## FOREST v. APPELGET *et al.*

No. 6691. Opinion Filed January 18, 1916.

Rehearing Denied February 15, 1916.

(154 Pac. 1129.)

**JUDGMENT—Proceedings to Vacate—Unavoidable Casualty—Freedom from Fault.** In a proceeding to vacate a judgment under subdivision 7 of section 5267, Rev. Laws 1910, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Woodward County;*
*Clyde H. Wyatt, Judge.*

Action by A. M. Appelget and another, partners as Appleget & Herod, against E. C. Forest. Judgment for plaintiffs, and defendant brings error. Affirmed.

*W. H. Springfield* and *B. F. Willett,* for plaintiff in error.

*C. W. Herod,* for defendants in error.

Opinion by RITTENHOUSE, C. This proceeding to vacate a judgment rendered by the trial court is brought under the provisions of subdivision 7 of section 5267, Rev. Laws 1910, which provides that the court shall have power to vacate or modify its own judgment or order at or after the term at which such judgment or order was made for unavoidable casualty or misfortune preventing the party from prosecuting or defending. The petition was duly verified by affidavit, setting forth the judgment, the grounds for vacating the same, and the defense of the action. There is but one question necessary for our determination, and that is whether, under the facts as contended by the defendant, diligence has been shown which would warrant the trial court in vacating the judgment. The action in which the judgment is sought to be vacated was for the recovery of an attorney's fee. It is insisted by the defendant that on account of unavoidable casualty and misfortune he was prevented from defending the action on the following grounds, to wit: That about January 16, 1914, defendant went to Woodward to arrange for his defense and endeavored to employ B. F. Willett as counsel; that on April 1, 1914, he endeavored to employ S. B. Laune; that each of these gentlemen refused the employment; that subsequently he endeavored to employ W. H. Springfield, and was in-

formed that a judgment had been rendered against him on January 23, 1914.

When unavoidable casualty or misfortune is alleged, the facts must be so stated as to make it appear that the complaining party is not himself guilty of negligence, and that no reasonable or proper diligence or care could have prevented the trial or judgment. *Hill v. Williams,* 6 Kan. 17. Applying this rule to the proceedings before us, we find that no complaint was made as to the service; that defendant had until January 20, 1914, in which to answer; that on January 16, 1914, he consulted B. F. Willett, an attorney of Woodward, Okla., who refused to take his case; that no further effort was made to procure other counsel or to defend said action until April 1, 1914, which would be 70 days after he was in default for an answer, and 67 days after judgment had been rendered against him, at which time he consulted S. B. Laune, another attorney of Woodward, Okla., who refused to make a defense for him; and that some time after this defendant was informed by W. H. Springfield that judgment had been rendered against him on January 23, 1914. This is the only contention that the defendant makes relative to the unavoidable casualty or misfortune which prohibited him from defending.

It is undoubtedly true that, had the defendant exercised reasonable or proper diligence in his efforts to employ an attorney, he could have procured one. The only attorney whom he had consulted before he was in default for an answer was Willett. From that time until April 1st, he was himself inexcusably negligent in his failure to make an effort to procure other counsel. Defendant should have exercised reasonable diligence in

trying to procure counsel and prepare his case, or should have otherwise looked after his own interests by asking for additional time in which to file an answer or in which to employ counsel; but instead of making an effort to protect his own interest, after his first consultation with an attorney, he waited until April 1st before making further preparation. This conduct is inexcusable. Defendant should personally have attended to his case or been represented by an attorney in fact. Freeman on Judgments (4th Ed.) vol. 1, sec. 15. Had an attorney accepted the employment and failed to have filed an answer, this would not have been sufficient to justify the vacating of the judgment on the ground of unavoidable casualty or misfortune. *Hill v. Williams, supra; Welch et al. v. Challen,* 31 Kan. 696, 3 Pac. 314; *Wynn v. Frost,* 6 Okla. 89, 50 Pac. 184; *Marshall v. Marshall,* 7 Okla. 240, 54 Pac. 461.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.