## ANDERSON v. GRAHAM, Adm'x.

No. 12960—Opinion Filed Sept. 19, 1922.

Rehearing Denied Nov. 21, 1922.

(Syllabus.)

**1. New Trial—Grounds—Absence of Defendant and Counsel at Trial.**

Where it appears from the record that a case was tried and judgment rendered in the absence of the defendant and his counsel. and that a motion for a new trial was filed within three days, and it appears from the evidence introduced in support of the motion for a new trial that the case had been advanced and assigned for trial out of its regular order, and that counsel for the defendant, acting upon information obtained from the trial judge, who had assigned the cause for trial, has misinformed the defendant of the date on which said cause was set

for trial, it also appearing that the defendant had not been negligent, but had given proper attention to his case, held, the trial court committed error in refusing to grant the defendant a new trial.

### 2. Same — Unavoidable Casualty — Attorney and Client.

Where a person employs and pays counsel to represent him in a cause, he has a right to rely upon such counsel to inform him as to the time his case will be for trial, where it is assigned for some special date other than the time it would come on for trial in its regular order, and to advise such person of all necessary things required of him in order that his case may be properly presented to the court.

### 3. New Trial — Insufficiency of Evidence.

A motion for a new trial on the ground that the evidence is insufficient to support the judgment should be sustained where it clearly appears on the hearing of such motion that there is not sufficient material and competent testimony in the record to support the judgment and the amount of damages awarded are greatly excessive.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Marie Graham, administratrix of the estate of M. P. Graham, deceased, against Noble Anderson to recover damages for personal injuries to M. P. Graham. Judgment for $8,000 in favor of the plaintiff, and defendant brings error. Reversed and remanded, with directions to grant the defendant a new trial.

Vaughan & Shinn (C. T. Byrd, of counsel), for plaintiff in error.

F. E. Riddle and R. W. Gibbs, for defendant in error.

KENNAMER, J. Noble Anderson, plaintiff in error, prosecutes this appeal to reverse the judgment of the district court of Tulsa county, rendered in favor of Marie Graham, administratrix of the estate of M. P. Graham, deceased, defendant in error, wherein said defendant in error was awarded $8,000 damages for the alleged injury of M. P. Graham in an automobile accident on the 31st day of May, 1919, from which injury it was alleged M. P. Graham died in January, 1920.

M. P. Graham was, on the 31st day of May, 1919, walking south on the right-hand side of Roosevelt street near the curb, in Sand Springs, there being no sidewalk along the street. Noble Anderson was driving a Studebaker automobile down said street going south. M. P. Graham stepped from the curb, starting to cross said street, and was run over by Anderson's car, receiving injuries about the head.

M. P. Graham filed an action for damages prior to his death, and after the death of the said M. P. Graham, Marie Graham, as administratrix of the estate of M. P. Graham, filed an amended petition pleading two causes of action. The first cause of action was for the recovery of damages for the death of the deceased. The second cause was for recovery for the pain and suffering of the deceased during the time of his life after the injuries and the loss of time from his usual occupation, together with the items of expenses alleged to have been expended by the deceased during his lifetime after the injuries.

The plaintiff prayed the judgment of the court upon the first cause of action in the sum of $40,000, and in the sum of $10,000 upon her second cause of action.

The defendant filed an answer in the cause, denying all the material allegations in the plaintiff's petition.

The parties will be referred to as they appeared in the trial court.

The plaintiff, Mrs. Graham, on September 10, 1921, filed an application to have the case advanced for the purpose of getting an immediate trial of the cause. On the 15th day of September, 1921, a written notice was served upon C. T. Byrd, attorney for Noble Anderson, defendant, that on the 19th day of September, 1921, at a conference meeting of the judges of the district court for Tulsa county, the application to advance the cause for trial would be presented. According to a journal entry found in the record, an order was made on the 20th day of September, 1921, advancing the cause for trial and setting it for trial on the 4th day of October, 1921.

On October 4, 1921, the cause was called for trial. The plaintiff, Mrs. Graham, appeared in person and by her attorney of record announced ready for trial. Neither the defendant nor his attorney appeared, and the court, after having had the defendant called, proceeded with the trial of the cause in the absence of the defendant and his attorney, and at the conclusion of the introduction of testimony by plaintiff entered judgment in favor of the plaintiff against the defendant in the sum of $8,000.

Counsel for defendant contends that the reason that neither the defendant nor his attorney was present was that C. T. Byrd, attorney for the defendant, went to the courthouse on the 19th day of September, 1921, pursuant to the notice served on him that the plaintiff would present her appli-

cation to have the cause advanced for trial and met the trial judge in the courthouse and was notified by him that the cause had been advanced and set for trial on the 7th day of October, 1921, instead of October 4th, and, having received this information from the court, notified the defendant, who was in the city on that date for the purpose of ascertaining when the case would be tried, that the trial would be on the 7th day of October, 1921.

Counsel for the defendant, Anderson, also state in their brief and motion for a new trial, supported by affidavits, that on the 4th day of October, 1921, the date on which said cause was tried, C. T. Byrd, one of the attorneys for the defendant, went to the courthouse and met the trial judge in the court clerk's office, and that said judge inquired of the attorney, Mr. Byrd, why he was not present at the trial of the case, and stated that the case had been tried and judgment rendered in favor of the plaintiff. Whereupon counsel for the defendant informed the court he was under the impression that the trial was set for the 7th day of October.

We have carefully read the statement of the trial judge upon the hearing of the motion for a new trial, and according to the statement of the trial judge he denies that he told Mr. Byrd that the case had been finally concluded, but that he did state to him, "that the case had been on trial." It is, however, clear from the record that the case had not been concluded when the trial judge was talking with Mr. Byrd, but had been passed until 1:30 in the afternoon in order to afford the plaintiff an opportunity to secure the presence of Dr. J. C. Helm, of Sand Springs, as a witness on behalf of the plaintiff.

Mr. Byrd, attorney for the defendant, contends that had he known the case had not been concluded in the forenoon he could have appeared in the afternoon and had the defendant and most of his witnesses present. The papers in the case were in the office of the attorney for the defendant on the date the case was tried, and no effort was made to obtain them. The case was tried without the pleadings being in court.

The motion for a new trial was filed within three days after the rendition of the judgment by the trial court. Numerous grounds are set out in the motion, including accident and surprise which ordinary prudence could not have guarded against; irregularities in the proceedings of the court and upon the part of the plaintiff, such as to constitute an

abuse of discretion upon the part of the court; that the judgment of the court is not supported by the evidence in the case and is contrary to the law.

We deem it sufficient to say in this case that, after carefully reviewing the entire record, we are clearly of the opinion that the motion of the defendant for a new trial should have been sustained. It is true that there is a sharp conflict in the testimony of the trial judge and C. T. Byrd, the attorney for the defendant, as to what conversation took place between them as to the date on which the case was set for trial, and it is unnecessary for us to determine which one of these parties may be mistaken, for it is obvious that the defendant has not had an opportunity to present his defense to the court. The uncontradicted evidence shows that he was in Tulsa on the 19th day of September, 1921, for the purpose of ascertaining when his case would be for trial and he was notified by his attorney, upon whom he had a right to rely, that the case had been set for trial on October 7th. The journal entry found in the record shows that the court entered an order on the 20th day of September setting the case for trial on October 4th. There appears to be no negligence on the part of the defendant in trying to ascertain when his case would be for trial. The case was not tried in its regular order, and it appears the defendant was in Tulsa on the 19th day of September pursuant to the notice of the application to advance the cause for the purpose of ascertaining the date the case would be for trial and received notice from his attorney that the date of the trial had been set for October 7th. While it is true, if the case had been tried in its regular order, it would be the duty of the defendant to take notice of the date of the trial, yet, in view of the fact that the cause was advanced and specially assigned for trial out of its regular order, we are of the opinion, under the facts appearing in the record, that the defendant has not been guilty of any negligence.

The general rule is that the neglect of an attorney is the neglect of his client, and generally no relief will be granted from a default judgment because of the failure of counsel to appear and defend the action on behalf of his client. Ordinarily the omissions of the attorney are insufficient reasons for relieving his client. Spaulding v. Thompson, 12 Ind. 477, 74 Am. Dec. 221; Moore v. Horner, 146 Ind. 287, 45 N. E. 341; Welch v. Challen, 31 Kan. 696, 3 Pac. 314; Myers v. Landrum (Wash.) 31 Pac. 33.

If the absence of a party from the trial is attributable to information obtained from the court or adversary party, such absence is usually excusable in this situation. 29 Cyc. 856 and 857; Anaconda Min. Co. v. Saile, 16 Mont. 8, 39 Pac. 909, 50 Am. St. Rep. 472.

In the case of McLaughlin et al. v. Nettleton et al., 69 Oklahoma, 183 Pac. 416, this court reversed the judgment of the trial court refusing to vacate a judgment under section 5267, Revised Laws 1910, on the ground of unavoidable casualty preventing the defendants from defending where the defendants' attorneys, in the absence of the defendants, had withdrawn from the case without notice to the defendants. While the attorney for the defendant in this case did not abandon the case, it is evident from the evidence found in the record, that the defendant by reason of the neglect of his attorney, or by reason of an unavoidable misapprehension as to the date on which the cause was set for trial, has not had his day in court.

This court in the case of McLaughlin et al. v. Nettleton et al., supra, uses this language:

"The unquestionable weight of authority is that, when an attorney has been employed to conduct legal proceedings, he undertakes to conduct them to their determination, and cannot abandon the services of his clients without cause and upon reasonable notice. The evidence in this case shows that there was no notice given plaintiffs that their local counsel intended to abandon the cause, or terminate his services, or that he had done so, and while we are loath to disturb this verdict, on account of the fact that this is the second proceeding of this kind in this cause, nevertheless we are constrained to believe that, if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and the courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause, free from technical pitfalls."

It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation. Manning v. Roanoke, etc., R. R. Co., 122 N. C. 824, 28 S. E. 963.

In the case of Peterson v. Koch, 110 Iowa, 19, 81 N. W. 160, the court held that a person employing counsel and paying his fees

has a right to rely upon his attorney to inform him as to the time of the trial of his case or anything required of such party for the purpose of defending the action, and the failure of such party to appear and defend by reason of the failure of such attorney to inform him of the time of the trial constitutes unavoidable casualty. The rule is stated as follows:

"The law regards the negligence of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Abstractly speaking, this is correct, but if the negligence of the attorney is not such as may be imputed to the client, and is such as to cause unavoidable casualty or misfortune, preventing the client from prosecuting or defending, it is ground for new trial."

It is indeed a remarkable incident that the trial judge saw the attorney for the defendant on the morning that the case was being tried and the trial of the cause was not concluded until the afternoon; that there arose a misunderstanding between the trial judge and the attorney for the defendant about the date on which the case had been assigned for trial; that, although at that very time the case was in progress of trial, counsel for the defendant positively asserts that he was led to believe by the trial judge that the trial of the case had been concluded and judgment therein rendered. It is also a peculiar occurrence that counsel for defendant was in the courthouse on the morning the case was being tried and failed to learn what had been done in his case. To say the least of the situation, he was not diligent in finding out about what was going on in the case in which he was counsel. It appears from the language of the trial judge himself that he was quite reserved in imparting information to counsel for defendant as to what was happening in the case. We have no hesitancy in stating that such conduct on the part of the parties is not in harmony with the proper attitude which should be manifested in the situation as existed in this case.

We have examined the evidence offered in support of the motion for a new trial, and it discloses: Three physicians testified that the deceased, M. P. Graham, died of typhoid fever and pneumonia. According to the testimony of one of the physicians, who attended deceased on the date he received his injuries in the automobile accident, said deceased received slight scalp wounds and entirely recovered from the same and was able to go about his usual occupation, that of a carpenter. The testimony of wit-

nesses who worked with M. P. Graham subsequent to the automobile accident shows he had recovered from the injuries which he received in the accident, and took sick with the fever; from which he died. Counsel for the plaintiff in their brief practically concede that the evidence is insufficient to establish the fact that the deceased died from the injuries received in the automobile accident. Therefore, the motion for a new trial should have been sustained for the reason that the evidence is insufficient to support the judgment of the trial court.

"A trial judge should not hesitate to set aside a verdict unless he is satisfied that substantial justice has been done." Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796.

"Courts have the inherent power to grant a new trial in the furtherance of justice." Snyder v. Washington Water Power Co. (Wash.) 120 Pac. 88.

"The rule is adhered to in this jurisdiction that where a default judgment has been entered and the party in default appears and files a motion for a new trial within three days after the rendition of the judgment; such party is entitled to have the court review the evidence and errors occurring in the trial, and if the motion for a new trial be overruled, on appeal this court will review the errors assigned in the motion for a new trial." Laclede Oil & Gas Co. v. Miller, 69 Oklahoma, 172 Pac. 84.

In view of the fact that none of the witnesses who testified in support of the plaintiff's cause of action gave any evidence reasonably tending to support the judgment awarding damages for the death of the deceased, the judgment of the trial court is reversed, and remanded to the district court of Tulsa county, with directions to sustain the motion for a new trial.

JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.