Note.—See under (1) 4 C. J. p. 897, §2867; p. 1113, §3094; p. 1151, §3157; p. 1192, §3230; 2 R. C. L. p. 202; 1 R C. L. Supp. 442; 4 R. C. L. Supp. 90; 5 R. C. L. p. 81. (2) 3 C. J. p. 973, §870. (3) 9 C. J. p. 1176, §37; p. 1177, §40; 4 R. C. L. p. 503 et seq.; 1 R. C. L. Supp. 1152; 5 R. C. L. Supp. p. 244. (4) 4 C. J. p. 1129, §3122; 9 C. J. p. 1256, §195.

## GAVIN et al. v. HEATH et al.

No. 17163. Opinion Filed Sept. 21, 1926.

Rehearing Denied June 7, 1927.

(Syllabus.)

1. Judgment—Grounds for Vacating Default Judgment—Negligence of Attorney not "Unavoidable Casualty or Misfortune."

Negligence of an attorney at law who has been regularly employed to represent his client and defend an action pending, and his negligent failure to file answer resulting in a default judgment against his client, is not unavoidable casualty or misfortune within the meaning of subdivision 7, section 810, C. O. S. 1921.

2. Same—Petition to Vacate Judgment After Term—Requisite Showing of Grounds and of Defense to Action.

When a defendant against whom judgment has been rendered files a petition at a subsequent term of court to vacate the same, the provision therefor set out in section 810 should first be shown as required by section 813, C. O. S. 1921; then the burden is on him to establish and have adjudged his alleged defense to the action. Failing in either, the trial court errs in vacating the judgment against which the attack is directed.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Petition by J. L. Heath, sole survivor of the partnership of Heath & Cooper, to vacate judgment in favor of Mary J. Gavin and another. Judgment vacated, and the latter bring error. Reversed.

Hagan & Gavin, for plaintiffs in error.

E. F. Cadwell, for defendants in error.

BRANSON, V. C. J. On the first day of March, 1924, Mary J. Gavin and the Home Building & Loan Association of Tulsa, Okla., as plaintiffs, were given judgment against J. L. Heath, as the surviving partner of Heath & Cooper, a copartnership, in the sum of $10,279.12, for the breach of a certain building contract long theretofore entered into between the plaintiff Mary J. Gavin and the same copartnership as contractors. The suit was instituted by the plaintiffs in the summer of 1923. Several

motions were interposed to the petition, which were overruled, and on November 8, 1923, the said J. L. Heath was by the order of the court allowed ten days to plead further or 15 days to answer. It thus appeared that the defendant, not having filed any other pleading, was given till the 23rd day of November, 1923, to file his answer. No answer was filed on that date nor subsequent thereto by the said defendant, but no advantage was taken thereof by the plaintiffs until March 1, 1924, when the plaintiffs, having waived a jury, presented their testimony on their petition to the district court and obtained the judgment as aforesaid by default. On the 10th of March, after the entry of said judgment, execution was issued against the defendant, which was returned by the sheriff "No property found." A second or alias execution was issued on the 2nd day of May, 1924, and placed in the hands of the sheriff of Tulsa county, which execution was on July 2, 1924, returned "No property found." On October 1, 1924, the plaintiff Mary J. Gavin filed her proceeding in said cause in aid of execution. Her affidavit was filed setting up that executions had been issued and returned "No property found" and that the defendant had property which he refused to apply to the satisfaction of this judgment and citing the defendant to appear in court to answer concerning his property. He was directed to appear on the 22nd of October, 1924. Before the date on which he was to appear to make disclosure under oath as to his property, and to wit, on the 14th day of October, 1924, he filed a petition in the district court to vacate and set aside the judgment so rendered March 1st. Said petition was filed under subdivision 7 of section 810, C. O. S. 1921. The said section 810, with subdivision 7 thereof, is as follows:

"The district court shall have power to vacate or modify its own judgment or orders at or after the term at which such judgment or order was made. * * * Seventh. For unavoidable casualty or misfortune preventing the party prosecuting or defending."

The petition to vacate (omitting the formal parts) recites:

"That the said judgment was obtained by reason of unavoidable casualty and misfortune which prevented the defendant, J. L. Heath, from having his day in court and defending said cause, by reason of **misrepresentation and false and fraudulent statements** and acts of W. P. Bauer, whom he had employed as his attorney."

The petition then recites that a retainer had been paid to him, the said Bauer, to defend the petitioner; that he filed several

motions; that the petitioner instructed his said attorney to file his answer; that his said attorney had advised him that answer had been filed and that petitioner relied upon the statements and believed that his said attorney was conducting the said defendant's cause in a proper way, and that he did not discover the fraud and deceit practiced upon him by his said attorney until about the first of August, 1924, and that prior to said date he had no knowledge of the said judgment or the execution issued thereon. He further pleaded that he had a good and valid defense, set out in a proposed answer made an exhibit to his petition, and thereupon prayed that the judgment rendered against him be vacated and set aside. The intended answer attached to the petition admitted the contract pleaded, denied generally the liability asserted, and further pleaded as a defense that the copartnership of which he was the survivor "furnished material and performed labor to the value of $3 277.63 in excess of the requirements of said contract and the plans and specifications attached thereto and which said sum the plaintiff agreed to pay to the said Heath and Cooper in addition to the contract price of $65,000 as extras."

It further set forth that the said copartnership "paid the sum of $1,175 for the use and benefit and on behalf of the said plaintiff, Mary J. Gavin, as commission on a loan made to the said plaintiff by the Home Building & Loan Association of Tulsa and that said sum so paid by Heath and Cooper was in excess of any provision or requirement to be performed by them under the terms of said contract."

It is further pleaded:

"Defendant further states that said building was fully completed in accordance with the plans and specifications by the said Heath and Cooper and was duly accepted by the said plaintiff, Mary J. Gavin."

Therefore, as we view it, the answer sought to be filed to the original petition joined with the petition to vacate the judgment may be treated under these subdivisions:

First. That the conduct of the said attorney of the said J. L. Heath, which he says resulted in the said judgment of March 1, 1924, against him, constitutes **unavoidable casualty and misfortune,** and therefore the judgment should be set aside.

Second. That the said amount alleged to have been furnished in the form of material and labor in excess of the requirements of the contract and the said sum of $1,175, al-

leged to have been paid as commission on the loan made by the Home Building & Loan Association and the allegation last above quoted to the effect that the building was completed in accordance with the plans and specifications and was accepted by the plaintiff, Mary J. Gavin, constitutes a sufficient pleading of a defense to comply with the provisions of section 812, C. O. S. 1921. This section provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivision * * * seven * * * of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the ground to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

Section 813, C. O. S. 1921, provides:

"The court may first try and decide upon the grounds to vacate or modify a judgment or orders before trying or deciding upon the validity of the defense or cause of action."

Section 814, C. O. S. 1921, provides:

"A judgment shall not be vacated on motion or petition, **until it is adjudged** that there is a valid defense to the action on which the judgment is rendered. * * *"

May it not thus· be clearly deduced that in the instant case, as in all cases where the facts are as here, the judgment having been rendered on the first of March in favor of the then plaintiffs, Mary J. Gavin and the Home Building & Loan Association, and several terms of court having elapsed, the judgment was in every meaning of the law a finality unless it could be vacated on some one of the grounds mentioned in the said section 810?

In such an action to vacate, the defendant in the original suit takes the position of plaintiff as against the plaintiffs in the original suit, who take the position of defendants. So, as to this proceeding, the said **Heath** is suing Mary J. Gavin and the Home Building & Loan Association, and the object of his suit is to vacate and set aside the judgment on the ground of **unavoidable casualty and misfortune.** When, and if that is shown, the plaintiff complies further with the prerequisites of the statute to show that he had a valid defense to the action. So the burden was upon the said Heath to maintain his suit against the said Mary J. Gavin and the Home Building & Loan Association. The defendants ·filed an answer to Heath's petition to vacate which raised an issue as to all the facts, to wit, the al-

leged fact of unavoidable casualty and misfortune, the alleged fact of his having performed labor and furnished material in excess of the requirements of the contract, his payment of the alleged commission to the loan association, and the alleged fact that the building was fully completed in accordance with the plans and specifications and was accepted by the said Mary J. Gavin.

The proof, as disclosed by the record, which the plaintiff in the instant action produced to sustain his allegation of unavoidable casualty rises no higher than that his attorney whom he had employed had neglected and failed to file an answer, and although the same was due on the 23rd of November, 1923, none was filed up to and including March 1, 1924, the date when the judgment was taken. In the case of Welch v. Challen, 31 Kan. 696, 3 Pac. 314, in an opinion by Justice Valentine, the question was asked by the court:

"When, if ever, is the negligence of· an attorney at law, in permitting a judgment to be wrongfully rendered against his client, such an 'unavoidable casualty or misfortune,' preventing the party from prosecuting or defending' the action that the client may have the judgment vacated * * * and be let in to prosecute or defend the action?"

In that case the defendant employed an attorney who agreed to file the answer. Considerable delay running into several months was indulged and no answer was filed. The negligence of the attorney was not known to his client, neither was the rendition of the judgment by default known for a considerable period after the judgment was entered. The court answered by quoting Freeman on Judgments, to this effect:

"The neglect of an attorney or agent is uniformly treated as the neglect of the client or principal. * * * A default will not be opened because the attorney had prepared a demurrer but failed to file it by reason of his miscalculating the· time when it was due; neither will relief be granted because the attorney forgot the day and time for trial. And, in general, no mistake, inadvertence, or neglect attributable to the attorney can be successfully used as the ground for relief, unless it would have been excusable if attributable to the client."

This court in the case of Forest v. Appleget, 55 Okla. 515, 154 Pac. 1129, uses this language:

"Had an attorney accepted the employment and failed to have filed an answer, this would not have been sufficient to justify the vacating .of the judgment on the ground of unavoidable casualty or misfortune. Hill v. Williams, supra; Welch et al. v. Challen, 31 Kan. 696, 3 Pac. 314; Wynn v. Frost,

6 Okla. 89, 50 Pac. 184; Marshall v. Marshall, 7 Okla. 240, 54 Pac. 461."

In the case of Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, subsequently cited with approval by this court, it is said:

"An examination of the authorities cited by the plaintiffs in error fails to disclose any case where pure negligence and lack of diligence on the part of counsel has been construed as an unavoidable casualty or misfortune. They are devoted rather to events which human prudence, foresight, and sagacity could not prevent, such as a sickness and death, miscarriage of the mails, mistake in the wording of a telegram, etc."

We conclude, therefore, that the plaintiff, Heath, in his action to vacate the judgment failed to show the first prerequisite on which he relied, to wit, unavoidable casualty and misfortune.

But, even if the facts alleged which the evidence tended to show should be considered as a compliance with subdivision 7 of said section 810, the plaintiff failed to make a case. He was present in the trial court and made no attempt of any character to substantiate either of the above-quoted allegations which he pleaded in his answer sought to be filed to the original petition to defeat the recovery of the plaintiffs therein. There is not a line of evidence as to the alleged furnishing of materials and labor in the sum of $3,200 plus, nor the payment of the commission in the sum of $1,175. Neither is there any evidence to substantiate the allegation of his intended answer to the effect that the building was fully completed in accordance with the plans and specifications and was accepted by Mary J. Gavin. Under the above-quoted statutes, the allegations of the alleged answer having been traversed, the burden was cast upon the petitioner, Heath, not only to show a state of facts which as a matter of law would constitute unavoidable casualty and misfortune, but also to show and have adjudged that that part of his intended answer which undertakes to plead an entire or partial defense to the action was in fact true, and until that was done there was nothing before the court which would warrant the vacation of the judgment, even if he had found that unavoidable casualty and misfortune caused the default to be entered.

Maston v. Chandler Bldg. & Loan Ass'n, 61 Okla. 230, 157 Pac. 366; McKee v. Howard, 38 Okla. 422, 134 Pac. 44; McAdams v. Latham, 21 Ok'a. 511, 96 Pac. 584; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697; Featherstone v. Southwestern Lumber Co., 116 Okla. 86, 243 Pac. 240.

The trial court in entering the judgment purporting to vacate the judgment of March 1, 1924, does not even purport to adjudge that there was any defense shown to exist to the original action, and this failure of proof and failure of adjudication as to the defense was entirely counter to the provisions of section 814, C. O. S. 1921. It was a necessary prerequisite to the right of the trial court to vacate the judgment rendered at a previous term that the requirements of said section be met.

The appeal of the plaintiffs in error, Mary J. Gavin and the Home Building & Loan Association, must therefore be sustained, the trial court reversed, with direction to reinstate the original judgment entered March 1, 1924, and to deny the petition to vacate.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 314, §534. (2) 34 C. J. p. 352, §567; p. 384, §583.