## UPTON v. SHIPLEY et al.

No. 24139. Jan. 29, 1935.

Paul Ruble and R. A. Hockensmith, for plaintiff in error.

Tom Payne, for defendants in error.

PER CURIAM. In December, 1931, Erie Upton filed suit in the district court of Okmulgee county, against Paul Shipley and Mrs. Minnie Shipley, for damages arising from an automobile collision. The Shipleys were served with summons December 26, 1931. Answer day was January 24, 1932. No answer was filed, nor was there any appearance by either defendant. On January 27, 1932, the case was tried to the court and judgment rendered for plaintiff.

The term at which the case was tried ended and the ensuing term began February 1, 1932.

On May 14, 1932, the defendants in the case brought an action, as plaintiffs, against Upton to vacate the judgment rendered against them in the former action at the previous term. The substance of the grounds stated in the petition to vacate was that plaintiffs did not know that the case would be called for trial, and that the defendant Mrs. Shipley was prevented from appearing by unavoidable misfortune. In the petition the plaintiffs tendered an answer and cross-petition which they asked permission to file in the action in which the judgment had been rendered.

The parties will be referred to as they appeared in the court below.

The defendant's demurrer to the petition having been overruled, he answered by general denial, and the case was tried on the issues thus joined. At the conclusion of the testimony defendant demurred thereto, and moved for judgment for defendant, which the court overruled. The court then rendered judgment for plaintiffs vacating the judgment as to both the Shipleys, "upon the ground of unavoidable casualty and misfortune, as provided for under subdivision 7 of section 810, Comp. Okla. Stats. 1921."

Defendant filed a motion for a new trial, which was by the court overruled, and defendant appeals. The appeal was lodged in this court October 7, 1932.

Plaintiff in error makes several assignments of error, all going to the issue of whether the trial court was justified under the evidence in vacating the judgment rendered at a previous term. Stated otherwise, was there sufficient evidence to support the finding of the court below that plaintiffs were prevented from defending by unavoidable casualty and misfortune, and to support the judgment based on the finding?

The plaintiffs appear to base their argument merely on the ground that an application to vacate a default judgment filed after the term in which it was rendered is addressed to the sound legal discretion of the trial court. If this view were correct, it would be unnecessary for the statute to state more than that, as the various grounds stated in the statute would be superfluous and have no field of operation. The true rule is that while the application is addressed to the sound legal discretion of the court, the discretion is to be exercised in the furtherance of justice on the facts of the case. The moving party must show recognized grounds therefor. Nation v. Savely, 127 Okla. 117, 260 P. 32.

A brief examination of the evidence will suffice to determine if there was such unavoidable casualty and misfortune as contemplated by the statute. The plaintiffs and their attorney all lived in Okmulgee, the county seat of the county in which the former suit was filed. Paul Shipley was 36 years old, was manager of an Okmulgee theatre, and lived with his codefendant, Minnie Shipley, who is his mother. Paul Shipley consulted an attorney within three days of service of the summons, which appears to have been made on both defendants, December 26, 1931. Mrs. Shipley was confined to her home by injuries sustained in the accident out of which the suit arose. She was unable to be out till February 2nd. She learned of the judgment from a daily paper the day after the judgment was rendered. Paul Shipley went to the same lawyer with some papers about the judgment, and the lawyer talked with the attorneys for Upton in the several days remaining of the term in which the judg-

ment was rendered. No action was taken toward vacating the judgment; in fact, none was taken until the 14th of the following May, when the petition to vacate was filed.

As to Paul Shipley, it is apparent that no ground whatever existed to vacate the judgment. The only question to be given serious consideration is whether the illness of Mrs. Shipley constituted such unavoidable casualty or misfortune as to come within the purview of the statute. We do not think it does.

An aspect of the section of the statute that appears not to have had consideration is the meaning of the words "prosecuting" and "defending." The term "prosecuting" presupposes that there is an action pending which the party seeking relief has been prevented by unavoidable casualty or misfortune from prosecuting further. The same view might logically be taken of the term "defending." We doubt if it was intended to apply merely to the filing of pleadings unless the circumstances were quite different from those presented in the case at bar. Mrs. Shipley testified that she was personally served with the summons; that she knew what it was; that she was conscious and in her right mind from December 6, 1931, to January 24, 1932; that her son, Paul Shipley, would have paid any attorney fee for her; that she could have talked with a lawyer in her home; and when asked if she could have had Paul talk to an attorney for her about the case, she replied that he did. Paul Shipley testified that this first talk with the attorney in the case was two or three days after the service of the summons. There were motions, demurrers, and other pleadings that might have been filed in the case that did not require the physical presence of Mrs. Shipley, either at the attorney's office or at the courthouse. She was in no worse position than would be a defendant who was permanently shut in, such as a paralytic or other cripple.

The facts must be such as to make it appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment. Forrest v. Appelget et al., 55 Okla. 515, 154 P. 1129, and authorities there cited.

The attorney who was employed by Paul Shipley testified that he had made an erroneous notation on his calendar of the answer day of the case in which the judg-ment was rendered. This cannot be considered as such unavoidable casualty or misfortune as contemplated by the statute. Wagner et al. v. Lucas et al., 79 Okla. 231, 193 P. 421, and cases cited.

The conclusion is reached that the evidence in the case does not disclose such unavoidable casualty or misfortune as would justify the vacation of the judgment.

The judgment of the trial court is reversed, and the cause remanded, with instructions to render judgment for the defendant.

The Supreme Court acknowledges the aid of Attorneys N. C. Barry, Frank W. Nesbitt, and J. J. Smith in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Barry and approved by Mr. Nesbitt and Mr. Smith, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.