## PICKERING LUMBER CO. v. LACY et al.

No. 22295.    Feb. 5, 1935.

H. P. White, for plaintiff in error.

Redmond S. Cole, for defendants in error.

BUSBY, J. This is an appeal from an order and judgment of the district court of Osage county vacating a previous judgment rendered in that court and reinstating the cause in which such judgment was rendered for a new trial.

On July 25, 1928, the Pickering Lumber Company, as plaintiff, commenced an action in the district court of Osage county against J. W. Harris, E. N. Lacy, and Mrs. E. N. Lacy to recover a money judgment based upon contract. The case was docketed and numbered in that court as cause No. 12431. In due course of time issues were joined by appropriate pleadings and the cause was regularly set for trial as to the defendants E. N. Lacy and Mrs. E. N. Lacy for February 1, 1929. The defendants failed to ap-

pear on the trial date and default judgment was entered against them. On motion of the defendants this judgment was vacated on February 18, 1929. From the order vacating the judgment and reinstating the cause for a new trial, the Pickering Lumber Company attempted to appeal to this court. The appeal was dismissed. Pickering Lumber Co. v. Harris et al., 140 Okla. 303, 283 P. 503, and the case was left pending in the trial court on the issues tendered by the pleadings. The case was again set to be tried on April 22, 1930, being one of the cases regularly set on a trial docket beginning April 14, 1930, and continuing to April 30, 1930.

On the date of trial the defendants E. N. Lacy and Mrs. E. N. Lacy again failed to appear, either in person or by attorney, and judgment was again rendered against them.

On August 4, 1930, after the term at which the judgment was entered had expired, E. N. Lacy and Mrs. E. N. Lacy, as plaintiffs, filed a petition to vacate the judgment naming the Pickering Lumber Company as defendant. The case was docketed and numbered in the lower court as cause No. 13795. The Pickering Lumber Company filed its answer. The matter was heard in the trial court on the issues joined on October 27, 1930, resulting in a judgment vacating the former judgment of the court and reinstating cause No. 12431 for trial.

The Pickering Lumber Company has perfected its appeal to this court appearing herein as plaintiff in error.

Proceedings after term to vacate a judgment are authorized by section 556, O. S. 1931, subsection 7 of which authorizes such vacation "for unavoidable casualty or misfortune preventing the party from prosecuting or defending."

In an effort to show "unavoidable casualty," the defendants established in substance that their attorney resided at Tulsa, Okla.; that he received no notice from the court clerk or any other person advising him that the cause was set for trial; that subsequent to the first default judgment and prior to the one involved herein, defendants' Tulsa attorney made arrangements with an attorney at Pawhuska to co-operate with him in the case and advise him when the same should be set, and that the Pawhuska attorney, through oversight or negligence, had failed to do so.

The showing made is wholly insufficient to establish unavoidable casualty. On the contrary, it merely establishes a want of diligence on the part of the attorneys acting for the defendants in advising themselves of the setting of the cause. Negligence on the part of the attorney does not constitute unavoidable casualty or misfortune. Gavin et al. v. Heath et al., 125 Okla. 118, 256 P. 745; Vincent v. Kelly, 121 Okla. 302, 249 P. 942; Wagner et al. v. Lucas et al., 79 Okla. 231, 193 P. 421; Baker et al. v. Hunt & Co., 66 Okla. 42, 166 P. 891. Neither does the fact that the clerk of the court failed to notify defendants' attorney of the time the case was set for trial constitute a sufficient ground to vacate the judgment. Baker et al. v. Hunt & Co., supra.

The fact that the oversight or negligence was the fault of the attorney and that the client was not at fault does not render the foregoing principles inapplicable in this case. Wynn v. Frost, 6 Okla. 89, 50 P. 184. While a proceeding to set aside a judgment under section 556, supra, is in a measure addressed to the discretion of the trial court (Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632), the discretion involved is judicial and must be exercised in accord with established judicial precedent. If, under an identical state of facts existing in two different cases, the trial court in one might rightfully vacate a judgment and with equal right refuse to vacate in the other, and justify the inconsistent orders on the ground of discretion, the discretion involved would in reality become the mere whim of the trial judge. A trial judge cannot properly exercise his discretion in a manner inconsistent with the established principles previously reviewed in this opinion.

The judgment of the trial court in vacating the default judgment must be reversed for the reason that no sufficient grounds for vacation of the judgment were shown to exist.

Owing to the view of this case adopted in the foregoing portions of this opinion, it is unnecessary to discuss whether the attempted showing of a meritorious defense made by the defendants was sufficient. Olentine et al. v. Alberty et al., 82 Okla. 9, 198 P. 296.

The judgment of the trial court is reversed, with directions to enter judgment for the plaintiff in error.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.