## ROBERTS v. SEYMORE.

No. 27608. Nov. 9, 1937.

Primus C. Wade. for plaintiff in error.

William M. Taylor, for defendant in error.

BAYLESS, V. C. J. On April 20, 1936, Bessie Seymore commenced suit in the court of common pleas of Tulsa county, Okla., against Charles Roberts, Spencer Adams, and Amos T. Hall, by the filing of her petition declaring upon a promissory note and seeking judgment in the sum of $240, with interest and attorney's fees. There was personal service of summons in Tulsa county on each of the parties defendant; the defendant Charles Roberts being served on April 23, 1936. And no answer or other pleading to the petition having been filed by any of the defendants, on May 28, 1936, each of said defendants was by the trial court adjudged to be in default and judgment was rendered against them, as prayed.

On June 4, 1936, the defendant Charles Roberts filed in the case his application for the judgment to be vacated. He alleged facts which he contended amounted to unavoidable casualty and misfortune serving to prevent him from defending the action in which the judgment had been obtained. And he also alleged that he had a valid defense to the action, evidenced by a proffered answer attached to and made a part of his application.

On June 6, 1936, the trial court, after considering the application and the evidence introduced in relation thereto, overruled and denied the application. And from that action of the trial court Charles Roberts has appealed.

From the evidence which the trial court had before it when acting upon the application, it appears: That Charles Roberts, having been served with summons in the aforementioned suit by Bessie Seymore on April 23, 1936, on the day following appeared at the office of W. G. Moffit, an attorney, in Tulsa, and there delivered to Moffit the copy of the summons with direction that Moffit ascertain the nature and purpose of the suit and "take care of it" for him; that Moffit agreed so to do; that a few days later Moffit reported to him regarding the nature and purpose of the suit, whereupon he arranged with Moffit for Moffit to prepare and file an answer for him in which denial of having signed the note sued on was to be set up as a defense; that on April 28th, Moffit received a telegram notifying him of the death of his mother at Sedalia, Mo., and upon receiving that information departed immediately for Sedalia, but not without having first notified Roberts of his departure.

It further appears, according to the testimony of Moffit, that Moffit prepared an answer which he left on a desk in his office. And immediately prior to departing for Sedalia, he instructed one Carson Daniels

to take the answer up to the court of common pleas and file it in the case. Daniels was not in the employment of Moffit, and according to the testimony, he "just hung around" Moffit's office and "run errands for him." Daniels failed and omitted to file the answer; his only excuse therefor being that he "forgot it." Moffit, it appears, returned from Sedalia to Tulsa on May 14th, 13 days prior to the date upon which the judgment was rendered. Upon his return he took no action whatever to prevent judgment being rendered against his client. He testified that he "thought the answer had been filed" and did not learn to the contrary until after the judgment had been rendered. Carson Daniels testified, however, without being required to be definite as to the time, that after Moffit returned from Sedalia he informed him that the answer had not been filed.

Under section 556, O. S. 1931 (C. O. S. 1921, sec. 810), a judgment may be vacated on account of unavoidable casualty or misfortune preventing the party from defending. But in the case of Gavin v. Heath, 125 Okla. 118, 256 P. 745, it was held that:

"Negligence of an attorney at law who has been regularly employed to represent his client and defend an action pending, and his negligent failure to file answer resulting in a default judgment against his client, is not unavoidable casualty or misfortune within the meaning of subdivision 7, section 810, C. O. S. 1921."

See, also, Baker v. Hunt & Co., 66 Okla. 42, 166 P. 891; Wagner v. Lucas, 79 Okla. 231, 193 P. 421; and Vincent v. Kelly, 121 Okla. 302, 249 P. 942, holding to the same effect.

There having been tendered by the application to vacate the judgment the issue that Charles Roberts had a valid defense to the action in which the judgment had been rendered, the trial court, upon consideration of the evidence in that regard, adjudged in effect that the evidence did not establish that Roberts had a valid defense to said action. In view of the fact that there was a failure of proof going to establish any statutory ground upon which the judgment could be vacated, no duty devolved upon the trial court to determine whether Roberts had a valid defense to the action. Oklahoma Ry. Co. v. Holt, 161 Okla. 165, 17 P. (2d) 955. And therefore, the holding of the trial court in that respect will not be disturbed.

The action of the trial court in refusing to vacate said judgment is hereby affirmed.

It appears from the record that the plaintiff in error, Charles Roberts, executed supersedeas bond with Lillian C. Roberts and C. A. Bankhead as sureties thereon, and that said bond was duly filed in the trial court and a copy of same incorporated in the case-made. The defendant in error in her answer brief calls attention to the supersedeas bond, and asks that upon affirmance of the judgment this court also render judgment against the sureties on said bond. Under section 546, O. S. 1931, and Rule 31 of this court, said defendant in error is entitled to the judgment asked.

It is therefore ordered, adjudged, and decreed by this court that the defendant in error, Bessie Seymore, have and recover from Lillian C. Roberts and C. A. Bankhead, sureties on said bond, the sum of $240, and interest thereon at the rate of ten (10%) per cent. per annum from February 12, 1934, until paid, $29 attorney's fee, and costs. For all of which let execution issue.

OSBORN, C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, and GIBSON, JJ., absent.