The AMERICAN BANK OF COMMERCE, an Oklahoma banking corporation, Appellant,

v.

Olin Donald CHAVIS, a/k/a Don Chavis, Appellee.

No. 54458.

Supreme Court of Oklahoma.

May 18, 1982.

As Corrected on Denial of Rehearing Oct. 25, 1982.

Jerome S. Sepkowitz, Oklahoma City, for appellant.

Eric J. Groves, Jernigan, Groves, Bleakley, & Tague, Oklahoma City, for appellee.

LAVENDER, Justice:

Plaintiff-Appellant American Bank of Commerce (ABC) filed a petition on June 20, 1978, seeking money judgment on a guaranty contract from Defendant-Appellee Olin Donald Chavis (Chavis).

Summons was served on Chavis on June 20, 1978, specifying an answer date of July 24, 1978. Before answer date, Chavis delivered a copy of the petition and summons to his attorney, Jernigan, who agreed to represent Chavis.

Through some inadvertence, Chavis's pleadings were marked "calendared" but were not placed on the docket book of the firm.

Shortly before July 28, Jernigan became aware that the answer date had passed. He telephoned a deputy court clerk and was advised no action to take judgment had been initiated. The information from the deputy court clerk was in error as ABC obtained a default judgment on July 25, 1978, for the sum of $8,715.32 plus attorney fees in the amount of $1,302.31 and costs. On July 28, 1978, Jernigan filed an entry of appearance in the cause, and mailed a copy to ABC's attorney, which was delivered on July 31 or August 1, 1978. On August 1, 1978, ABC's attorney wrote Jernigan, advising of the entry of the default judgment.

Relying on 12 O.S.1981, § 1031.1,[1] Jernigan filed a motion to vacate the judgment on August 28, 1978, more than thirty days after judgment was entered. A hearing was held before the trial court on September 1, 1978, at which hearing Jernigan became aware that his motion was out of time under § 1031.1, and on his request, the matter was continued until September 15, 1978, at which time the trial court granted the Jernigan motion to vacate the judgment.

On December 12, 1978, the court below entered an order vacating the order of September 15, 1978.

On November 22, 1978, Chavis filed a Petition to Vacate the Default Judgment rendered on July 25, 1978, which was sustained by the trial court on November 1, 1979. From the ruling of the trial court, ABC appeals.

Both parties concede that since the Jernigan motion was not filed within thirty days from the date of the entry of judgment, that Chavis's right to have the default judgment set aside must be tested under 12 O.S.1981, § 1031, Seventh.[2]

■ This Court has repeatedly held that the negligence of an attorney while representing his client is imputed to the client and constitutes negligence of the client, and accordingly does not constitute unavoidable casualty and misfortune, justifying the vacation of a judgment.[3]

In the recent case of *Burroughs v. Bob Martin Corporation,*[4] this Court said (536 P.2d at p. 342):

"In *Midkiff v. Luckey,* Okl., 412 P.2d 175, it was held that the trial court did not abuse its discretion in setting aside a default judgment against the defendant Yellow Cab Company, which had misplace or lost the summons served upon its president due to confusion in its office and files because of a prior fire in the company offices. Therein we set forth those matters and reasons that justified or sustained the granting of an application to vacate a default judgment, as follows: in proceedings of this character each case must depend on the facts of the particular case; default judgments are never viewed with favor; litigated questions should be tried on their merits; it is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause; an application to vacate a judgment, under 12 O.S.1971, § 1031, is addressed to the sound legal discretion of the trial court, and an order vacating said judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion; such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused."

Notwithstanding expressions in some of the earlier cases which appear to hold to the

---

1. 12 O.S.1981, § 1031.1 provides: "Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given."

2. 12 O.S.1981, § 1031 in pertinent part provides: "The District Court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

    \*   \*   \*   \*   \*   \*

"Seventh. For an unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

3. *Cunningham v. Cunningham,* Okl., 571 P.2d 839 (1977); *Grayson v. Stith,* 181 Okl. 131, 72 P.2d 820 (1937); *Pickering Lumber Co. v. Lacy,* 170 Okl. 447, 44 P.2d 42 (1935); *Southern Bond Company v. Teel,* Okl., 550 P.2d 571 (1976); *Gavin v. Heath,* 125 Okl. 118, 256 P. 745 (1927); *Roberts v. Seymore,* 181 Okl. 201, 73 P.2d 395 (1937).

    Cf. *Anderson v. Graham,* 87 Okl. 278, 210 P. 281 (1922); *First Nat. Bank of Okmulgee v. Kerr,* 165 Okl. 116, 24 P.2d 985 (1933); *Tippins v. Turben,* 162 Okl. 136, 19 P.2d 605 (1933).

4. Okl., 536 P.2d 339 (1975).

contrary,[5] we reiterate the holding of a majority of the Oklahoma cases on this subject, that the negligence of an attorney committed within the course of his employment as an attorney is imputed to the client and constitutes negligence of the client. This comports with the established law of master and servant and agency as applied to imputed negligence and leaves to the aggrieved client any recourse which he has against the negligent attorney. Any expressions in the earlier cases to the contrary are overruled.

■ But having so determined, there remains the question of whether the gravity of the inadvertence or neglect of a party is such as ought, under the particular circumstances of each case, to deprive the neglectful party of his day in court.

We held in *Upton v. Shipley*: [6]

"The true rule is that while the application is addressed to the sound legal discretion of the court, the discretion is to be exercised in the furtherance of justice on the facts of the case. The moving party must show recognized grounds therefore."

We are mindful that an attorney's negligence in such matters as filing timely pleadings or docketing court appearance if too readily excused encourages shoddy law practice and rewards the negligent at the expense of the vigilant. We are also aware that such negligence, if too generously excused, is a potential device for delaying unduly the trial of a case. On the other hand, language found in some of the earlier Oklahoma cases such as in *Wagner v. Lucas* [7] stating categorically that acts to constitute "unavoidable casualty" must be "events which human prudence, foresight, and sagacity, could not prevent, such as sickness and death, miscarriage of the mails, mistake in wording of a telegram, etc.; that 'unavoidable casualty' has been described as an event or casualty happening against the will and without the negligence or other default of a party." And "that unavoidable casualty or misfortune was present only where ordinary prudence could not guard against or prevent, and that the mere ignorance, carelessness, mistake, or negligence of an attorney was not sufficient" [8] are unduly harsh and restrictive and tend unjustly to reduce to ukase that which ought to be weighed and determined under all of the facts and circumstances of each case. We therefore hold that the principles set forth in *Burroughs v. Bob Martin Corporation* and in *Midkiff v. Luckey, supra,* should be applied in cases such as the one before us.[9]

Here, a breakdown in office procedure, together with reliance upon misinformation received by telephone from a deputy court clerk resulted in Chavis's attorney filing an entry of appearance in the case four days after the appearance date indicated on the summons and three days after default judgment was taken by the plaintiff in the cause. Under the facts and circumstances of this case, we hold that the trial court did not clearly abuse its discretion in setting aside the default judgment, and the ruling of the trial court is therefore affirmed.

IRWIN, C. J., and SIMMS, HARGRAVE and WILSON, JJ., concur.

BARNES, V.C.J., and HODGES, DOOLIN and OPALA, JJ., dissent.

---

5. For example, see *McLaughlin v. Nettleton,* 69 Okl. 74, 183 P. 416 (1919); *Tippins v. Turben, supra, Anderson v. Graham,* 87 Okl. 278, 210 P. 281 (1922).

6. 170 Okl. 422, 40 P.2d 1048 (1935).

7. 79 Okl. 231, 193 P. 421 (1920).

8. See also similar language in *Gavin v. Heath,* 125 Okl. 118, 256 P.2d 745 (1927); *Roberts v. Seymore,* 181 Okl. 201, 73 P.2d 395 (1937).

9. 21 A.L.R.3d 1264.