FILED
United States Court of Appeals
Tenth Circuit

July 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff−Appellee,

v.

BRIAN D. FOX,

      Defendant−Appellant.

No. 13-5013
(D.C. No. 4:11-CV-00211-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Brian D. Fox, pro se, appeals from the district court's judgment and its denial

of his post-judgment motion.  Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

The Securities and Exchange Commission (Commission or SEC) brought a civil enforcement action against Fox. The Commission alleged that he violated a variety of provisions of the Securities Exchange Act of 1934 in connection with the offer and sale of shares in oil and gas leases through Powder River Petroleum International, Inc. (Powder River), an Oklahoma corporation with an office in Tulsa. The Commission deposed Fox, who was represented by counsel. Halfway through the deposition, which allegedly did not go well for him, Fox consulted with his attorney and consented in writing to a proposed judgment against him that enjoined him from committing future violations of certain provisions of the Exchange Act and acting as an officer or director of any securities issuer. Fox also consented to the entry of a money judgment for disgorgement, prejudgment interest, and a civil fine in amounts to be determined by the district court. The consent (and the attached proposed judgment) further stated that, for purposes of the Commission's motion for disgorgement or civil penalties, Fox would "be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint," and that "the allegations of the First Amended Complaint shall be accepted as and deemed true by the Court." R. at 302, 313.

When the Commission moved the district court to enter the judgment and to order disgorgement, interest, and civil penalties, Fox, who was then without counsel, opposed the imposition of monetary relief. He complained that his consent was

invalid because he did not understand that he had agreed not to challenge the facts alleged in the complaint or that he was agreeing to the entry of a money judgment. He blamed his former attorney for failing to explain this to him, and he challenged the factual allegations in the First Amended Complaint by asserting that third parties had misled him about the business dealings underlying those allegations.

The district court rejected Fox's arguments, noting that "a party may not avoid enforcement of a written agreement because he claims he did not read or understand it unless he can show that he signed the written agreement because of fraud or false representation." R. at 556 (citing *Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1474 (10th Cir. 1995) (applying Oklahoma law)). Under this standard, the court concluded that Fox was bound by his consent because he had ample time to review and sign the form, and the form's terms were explained to him in the presence of his attorney. The court also observed that Fox "made no allegations of fraud or misconduct on the part of the SEC, and his argument to set aside the consent form is based solely on his own alleged misunderstanding of the parties' agreement." R. at 556. The court considered the terms of the consent to be "clear and unambiguous" and noted that Fox had not claimed "he was misled by the language of the consent form." *Id.* The court further pointed out that the consent plainly stated that Fox "may not challenge the validity of the Consent." *Id.* Accordingly, the court granted the Commission's motions and entered judgment against Fox, enjoining him from violating the Exchange Act, barring him from serving as an officer or director

of a public company, requiring him to disgorge a $320,000 bonus plus prejudgment interest, and imposing a civil penalty of $100,000.

Still pro se, Fox filed a post-judgment motion to vacate or reconsider the district court's judgment. He largely reiterated the factual contentions and arguments he made in his responses to the Commission's motions to enter judgment and for monetary relief, and he invoked Oklahoma case law for the proposition that he should be relieved from his consent to the judgment due to the magnitude of his attorney's negligence with regard to the implications of signing the consent. He also claimed that he thought the proposed judgment he consented to was the same as one he agreed to in a case the Oklahoma Department of Securities brought in state court; that judgment prohibited him from violating Oklahoma securities law but did not provide for monetary damages. The district court construed the motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and denied it. The court concluded that, under *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), and other Tenth Circuit precedent, it had no obligation to reconsider previously rejected arguments, or to consider arguments that could have been raised earlier, in the absence of an intervening change in the controlling law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. This appeal followed.

## II.  Standards of Review

We review for an abuse of discretion both "a district court's decision to enforce a settlement agreement" and its denial of a Rule 59(e) motion.  *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).  "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings."  *Id.*  State contract law, in this case Oklahoma law, governs whether the parties formed a settlement agreement.  *Id.*  Under Oklahoma law, the existence of a contract is a question of fact, *Gomes v. Hameed*, 184 P.3d 479, 485 (Okla. 2008), so absent clear error, we must uphold the district court's finding that a contract existed.  We afford a liberal construction to Fox's pro se filings, but we do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.  Discussion

Fox's appellate brief is largely devoted to reiterating his version of the facts surrounding Powder River's activities.  What arguments he does raise are limited and lack clarity, but his position appears to be that the district court should not have granted the Commission's motion for monetary relief due to his attorney's failure to explain the implications of signing the consent.  He states that his attorney "coerced" him "to quickly sign [the] consent order."  Aplt. Opening Br. at 10.  He also summarily claims that the district court "failed to consider or be apprised of all the facts," "made an erroneous decision" that "was plain error," and wrongly "denied

[Fox] his day in Court." *Id.* at 11. Fox says that the district court's "holding violates clear precedent from this Court and the United States Supreme Court." *Id.* He further argues that the district court erred by refusing to apply Oklahoma law when the court denied his Rule 59(e) motion. *See id.* As part of this last proposition, he acknowledges the general Oklahoma rule stated in *American Bank of Commerce v. Chavis* that an attorney's negligence is not generally a reason to vacate a judgment, 651 P.2d 1321, 1323 (Okla. 1982). Nonetheless, he contends that, under that case, the magnitude of his attorney's malfeasance warranted vacatur.

We find no merit in these arguments. We agree with the district court that the terms of the consent form are clear and unambiguous and see no clear error in its decision that the agreement was enforceable under Oklahoma law. *See Elsken*, 49 F.3d at 1474 (stating that, under Oklahoma law, a party is bound by an agreement he signed absent false representation, fraud, or deceit). Fox does not allege any false representation, fraud, or deceit by the Commission. Furthermore, he points to no record evidence to support his contention that his attorney coerced him into quickly signing the consent, and our review of those portions of his deposition transcript made part of the record indicates no such coercion. Moreover, in "our system of representative litigation," attorney negligence is an insufficient basis for a party to "avoid the consequences of the acts or omissions of [a] freely selected [attorney]." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). Therefore, any alleged negligence by Fox's attorney provides no basis for relieving Fox from the consent he

- 6 -

signed, and the consent bars him from challenging the factual basis of the claims brought against him.

Fox's summary claims that the district court erred and denied him his day in court lack the development required for appellate review.  *See LaFevers v. Gibson*, 182 F.3d 705, 725 (10th Cir. 1999) (stating that "issues adverted to in a perfunctory manner and without developed argumentation are deemed waived on appeal").  As to his contention that the district court violated controlling federal precedent, he has not identified any such precedent.  And his reliance on *American Bank of Commerce* is misplaced.  That case concerned whether an Oklahoma district court abused its discretion in relieving a party from a default judgment where there was a breakdown in counsel's office procedure and counsel relied on misinformation supplied by a deputy court clerk.  651 P.2d at 1322, 1324.  Hence, *American Bank of Commerce* is clearly distinguishable, and we see no error by the district court in refusing to apply it when denying Fox's Rule 59(e) motion.

The district court's judgment and its denial of Fox's post-judgment motion are affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge